[S. F. No. 3090. Department Two.—December 5, 1904.]

## PARKE & LACY COMPANY, Respondent, v. SAN FRANCISCO BRIDGE COMPANY, Appellant.

ACTION FOR COMMISSIONS—SECURING CONTRACTS WITH FOREIGN GOVERNMENT—PAST AND FUTURE SERVICES—SUFFICIENCY OF COMPLAINT—TRIAL—OBJECTION UPON APPEAL.—In an action by the plaintiff corporation to recover commissions under an alleged contract which recited past services rendered by plaintiff through its agents in Guatemala in securing contracts for the defendant corporation with the government of Guatemala, and that such contracts are likely to be awarded, and agreeing to pay five per cent commissions on all moneys received under any contract or contracts awarded to the defendant, either direct or through any other person or contractor, said commissions to be in full compensation for past and future services to be rendered by the corporation plaintiff, which "agreed to continue its efforts to secure the said contracts, and to do everything in its power towards this end,"—where the complaint alleged that the contracts were thereafter awarded to defendant, and that one half of the commissions remained unpaid on amounts received thereafter, the mere failure to allege that plaintiff complied with its agreement to continue its efforts to secure the contracts, etc., is not ground for reversal upon appeal, where there was no demurrer, and the case was tried upon the theory that the fact of such continued efforts was in issue. [Beatty, C. J., dissenting.]

ID.—ISSUE AS TO WANT OF CONSIDERATION—EVIDENCE—REBUTTAL—CORRESPONDENCE.—Where the defendant had pleaded want of consideration for the alleged contract, and had introduced evidence tending to show that the plaintiff had done nothing in the matter of procuring the contracts, it was proper in rebuttal to admit evidence of a correspondence of plaintiff with its agents in Guatemala, the letters to whom were shown to the defendant and in great part dictated by it, which correspondence covered a period both before and after the date of the contract, and also to admit testimony that other letters were written pertaining to one of the contracts which were in court subject to plaintiff's inspection, though not formally introduced in evidence.

ID.—GENERAL QUESTION AS TO CONSIDERATION—RULING NOT PREJUDICIAL.—It was not prejudicial error to sustain plaintiff's objection to a general question asked by defendant of a witness, whether the defendant ever received any consideration for the written agreement,

where the witness had already testified that plaintiff had not paid or given defendant anything before or at the time of the agreement, and it appeared the only question before the court touching the consideration was as to plaintiff's services in procuring the contracts from Guatemala.

ID.—PAST SERVICES AS CONSIDERATION FOR CONTINGENT COMPENSATION UNDER WRITTEN CONTRACT—DOCTRINE INAPPLICABLE.—The general doctrine that a past executed consideration supports only an implied agreement to pay *in præsenti* on request, and will not support an agreement to pay in future, has no application where the agreed compensation was to be contingent upon the securing of contracts, and by the written agreement of the parties they merely put into permanent written form what they finally agreed upon as to the future contingent compensation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

R. Percy Wright, for Appellant.

The judgment is not supported by the complaint, which does not allege performance of the contract on the part of the plaintiff. (*Barron* v. *Frink,* 30 Cal. 486, 489; *Peasley* v. *Hart,* 65 Cal. 522, 524; *Hoy* v. *Hoy,* 44 Ill. 469, 471; *Hunter's Admrs.* v. *Miller's Exrs.,* 6 B. Mon. 612, 614; Chitty on Pleadings, 16th Am. ed., pp. 329, 331.) An executed past consideration will not support an express agreement different from the legal implication. (Civ. Code, sec. 1606; *Hopkins* v. *Logan,* 5 Mees. & W. 257; *Elderton* v. *Emerson,* 6 Com. B. 160, 174; *Discoria* v. *Thomas,* 3 Q. B. 234.)

H. A. Powell, for Respondent.

The allegation of the award to the defendant involves, by necessary inference, all facts necessary to accomplish that result, which is sufficient in the absence of a special demurrer. (*Reynolds* v. *Hosmer,* 45 Cal. 616; *Himmelmann* v. *Spanagel,* 39 Cal. 401; *Tehama County* v. *Bryan,* 68 Cal. 59; *Mullaly* v. *Townsend,* 119 Cal. 52; *Russell* v. *Mixer,* 42 Cal. 478.) The defendant has paid half the commissions due under the contract, and cannot dispute its validity as to the residue. (*Main* v. *Casserly,* 67 Cal. 127; *Gribble* v. *Columbia*

*Brewery Co.*, 100 Cal. 71.)   Section 1606 of the Civil Code and the cases cited by appellant in connection therewith have no application to the facts here appearing.

McFARLAND, J.—This is an action to recover of defendant seventeen hundred and fifty dollars, alleged to be the balance due of a commission of five per cent on seventy thousand dollars, arising out of the written contract between plaintiff and defendant set out in the complaint.   Judgment went for plaintiff as prayed for; and from the judgment and the order denying a motion for a new trial the defendant appeals.   Each party is a corporation.

The written contract above mentioned was executed on the twenty-fourth day of April, 1896.   It recites that plaintiff, "party of the first part," through its agents, Richardson & Kelton, in Guatemala, has been acting as agent for the defendant, "party of the second part," to secure to the latter a contract with the government of Guatemala for furnishing a hydraulic dredge, and also a contract for the dredging in whole or in part of the harbor of Istapa for said government, and that said contracts are likely to be awarded to the party of the second part.   The contract then proceeds as follows:—

"Now therefore: In consideration of the services already rendered by the party of the first part, and such further services as it may render in the matter, and for other good and valuable consideration, the party of the second part hereby agrees that in the event that the said contracts, or either of them, are awarded to the party of the second part, either direct or through any other person or contractor, it, the said party of the second part, will pay unto the party of the first part a sum equal to five (5) per centum of the total gross moneys received by the party of the second part on account of said contract or contracts.   Said payments to be made to the party of the first part as payments are made to the party of the second part, and are to be in full compensation to the party of the first part for its time, trouble and expense in respect to the said contracts.

"The party of the first part agrees to continue in its efforts to secure the said contracts for the party of the second part, and to do everything in its power towards this end."

It is then averred in the complaint that the said contracts

were awarded to defendant by the government of Guatemala on or about the twenty-ninth day of July, 1896; that defendant has received on said contracts the sum of seventy thousand dollars, and had paid one half of the said five per centum thereon,—to wit, seventeen hundred and fifty dollars,—and no more, and has refused to pay any of the balance thereon; and judgment is prayed for the seventeen hundred and fifty dollars remaining unpaid. The court found these averments to be true, and rendered judgment for the plaintiff for the balance of seventeen hundred and fifty dollars; and the evidence amply supports the findings.

The answer contains an averment that the agreement of plaintiff was to influence the officers of the government of Guatemala corruptly, or in some improper way, and it seems to be contended by appellant that on account of this contemplated improper influencing of said officers the contract was void as being against public policy; but the court found that this averment was not true, and the finding is fully justified by the evidence.

Appellant contends for a reversal of the judgment upon the ground of the insufficiency of the complaint, because, as is claimed, there is no averment that after the execution of the written contract on June 24, 1896, respondent complied with its agreement to "continue in its efforts to secure the said contract." It is doubtful if such an averment was necessary, considering the fact that, after what respondent had already done, it was to receive the five per centum if the contract should be secured, "either direct or through any other person or contractor." But, at all events, the case was tried as if the fact of the continued efforts of respondent was at issue, and appellant introduced a considerable amount of evidence tending to show that respondent had not done anything of value toward securing the contract from the government of Guatemala after the date of the contract between appellant and respondent of April 24th. There was no demurrer to the complaint. There was an objection made by appellant to a letter offered in evidence by respondent, because it was dated after April 24, 1896; but that was in rebuttal, and after the appellant itself had introduced evidence tending to show that respondent had done nothing after that date. We think that as to this point the case is within the rule cited in numerous

decisions, that when a case had been tried on the theory that a certain issue was before the court, the point that the issue had not been properly presented in the pleadings will not be heard on appeal.

There was no error in admitting certain correspondence between respondent, who resided in San Francisco, and its agents, Richardson & Kelton, at Guatemala. Appellant had introduced evidence to the point that respondent had done nothing in the matter of procuring contracts from Guatemala; and the ruling of the court was, that the letters were admissible not as evidence of the truth of their contents, but merely as acts tending to refute the evidence of appellant that respondent had done nothing about the matter of procuring the contracts. Moreover, these letters were shown to appellant, and answers from respondent to its agents at Guatemala were in great part dictated by appellant. This correspondence both before and after the twenty-fourth day of April was admissible; for in the answer it was denied that there was any consideration whatever for the contract, and appellant's evidence had been to the point that respondent had not done anything in the premises either before or after the date of the contract. For the same reason it was not error to admit testimony that other letters were written pertaining to the dredging contract, although the letters themselves were not formally introduced. They were in court subject to appellant's inspection.

There was no prejudicial error in sustaining respondent's objection to the general question asked by appellant of a witness, whether the appellant ever received "any consideration for the agreement of April 24, 1896." The witness had already testified that the respondent had not paid or given appellant anything either before or at the time of said agreement; and there was no pretense by respondent that there was any consideration for the contract other than its alleged services in procuring the dredging contracts from Guatemala. Therefore, the only question before the court touching the consideration was as to respondent's said services; and each party had full opportunity to present its evidence on that issue, and the appellant could not have been prejudiced by the ruling.

Appellant contends that even if respondent rendered any

services before the execution of the written contract of April 24th, they were past services, and did not furnish any consideration for appellant's promise to pay in the future five per centum of the moneys which should be received from Guatemala; but we do not think that this contention is maintainable. It goes upon the theory that a past executed consideration will not support any promise different from that which the law implies—which is a promise to pay *in præsenti*, on request, and that an executed consideration will not support a promise to pay *in futuro*. Whatever may be said of this rather abstruse doctrine, it is not applicable to the case at bar. Here, as appears from the testimony, it was not expected that the respondent was to receive any compensation unless the dredging contracts were secured; and by the contract of April 24th the parties merely put into a permanent written form what they then finally agreed upon as to the future contingent compensation.

There are no other points calling for special notice, and we see no reason for reversing the judgment or the order denying a new trial.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

A rehearing in Bank was denied January 4, 1905, upon which Beatty, C. J., rendered the following dissenting opinion:—

BEATTY, C. J.—I dissent from the order denying a rehearing and from the judgment.

The complaint was fatally defective on general demurrer for want of facts in failing to allege performance by plaintiff of its stipulation to continue its efforts to secure the contract, and want of facts is a defect never waived by failure to demur. Nor was the action tried or even decided upon any understanding or assumption that continued effort on the part of plaintiff was an issue in the case. If it had been, the burden of proof was on the plaintiff; but it closed its case in chief without a word of evidence on the point, resting upon the theory of the complaint and of the argument here,—viz., that the mere award of the contract, with or without effort on the part of the plaintiff, entitled it to the five per cent. The best

proof of this is the fact that there is no finding by the court of anything more than the bald allegation of the complaint. The judgment, in short, is not only unsupported by the complaint, but equally without support in the findings.

If, as assumed in the opinion of the Department, the issue was imported into the case by the act of the defendant in introducing evidence to the effect that no services were rendered after the execution of the contract, then there was a material issue as to which the evidence was conflicting and no finding upon it. How can a judgment be sustained without any finding upon a material issue?