Surya SHARMA, Plaintiff—Appellant,

v.

**Jo Anne BARNHART** [*], **Commissioner of Social Security Administration, Defendant—Appellee.**

No. 00–57038.

D.C. No. CV–98–00411–WDK–BQR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided Feb. 15, 2002.

[*] Jo Anne Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration.   Fed. R.App. P. 43(c)(2).

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM **

Surya P. Sharma ("Sharma") appeals the district court's summary judgment order affirming the administrative law judge's ("ALJ's") application of the one-third reduction rule to Sharma's supplemental security income ("SSI") benefits. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

 If a social security claimant lives in the household of another and receives free food and shelter from the person in whose household the claimant is living, the claimant's income (for the purposes of social security benefit calculation) is considered to be increased by one-third of the federal benefit rate. 20 C.F.R. § 416.1131. If such a claimant pays his or her pro rata share of a reasonable estimate of the monthly household operating expenses, then the one-third reduction rule does not apply. 20 C.F.R. § 416.1133. Under the applicable regulations, proceeds of a loan are not considered income to the borrower. 20 C.F.R. § 416.1103. "A loan can be cash or an in-kind advance in lieu of cash. For example, an advance of food or shelter can represent a loan of the pro rata share of household operating expenses." Soc. Sec. Ruling 92–8p. However, such a loan must be enforceable under state law. *Id.*

The evidence in this case indicates (1) that the claimant and his ex-wife agreed that she would supply him with the food and shelter, for which he would pay upon receipt of his Veterans Administration and Social Security benefits; (2) that the claimant compensated his ex-wife for food and shelter in varying amounts over the course of time; and (3) that the parties executed a writing evidencing the agreement. Under these circumstances, it is inappropriate to apply the one-third reduction rule.[1] *Ceguerra v. Sec. of Health & Human Servs.*, 933 F.2d 735, 741 (9th Cir.1991).

## II

The government argues that the agreement was purely oral and unenforceable under California law because it (1) violated the statute of frauds, and (2) was founded on an illusory promise.

 In this case, the written memoranda between the parties were sufficient to constitute an enforceable agreement under California's statute of frauds. Of course, an oral agreement within the statute of frauds is voidable, not void. *Ayoob v. Ayoob*, 74 Cal.App.2d 236, 168 P.2d 462, 467 (Cal.App.1946). "Under California law, an oral agreement may be taken out of the operation of the statute [of frauds] by a written memorandum executed subse-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. There were at least two memorializations of the agreement in the administrative record: a 1984 receipt evidencing payment and noting it had been made pursuant to the agreement, and a second reciting the agreement as requiring the payment of $200 per month in rent and reimbursement for "basic food items." The latter writing acknowledged payment of sums "owed ... under contractual arrangement," and was executed by both parties.

quently, even though the agreement has already been performed by one party." *Id.* at 466. "The failure of the writing to make express mention of the precedent oral agreement is not material." *Id.* at 467. Thus, the written memorializations of the parties' oral agreement in this case are sufficient to satisfy the requirements of the California statute of frauds.

■ The agreement was also not unenforceable as an illusory agreement. An illusory promise is one containing words "in promissory form that promise nothing" and which "do not purport to put any limitation on the freedom of the alleged promisor." *Third Story Music, Inc. v. Waits*, 41 Cal.App.4th 798, 805 n. 4, 48 Cal.Rptr.2d 747 (1995)(quoting 2 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS, 142 (rev. ed.1995)). Thus, an agreement that commits performance of the contract to the unfettered discretion of one of the parties is not enforceable. *Automatic Vending Co. v. Wisdom*, 182 Cal.App.2d 354, 357, 6 Cal.Rptr. 31 (Cal. App.1960). "That rule, however, applies only if the total discretion granted one party renders the contract lacking in consideration." *Perdue v. Crocker Nat'l Bank*, 38 Cal.3d 913, 216 Cal.Rptr. 345, 702 P.2d 503, 510 (Cal.1985). "If there are reciprocal promises . . ., the fact that the contract permits one party to set or change the price charged for goods or services does not render the contract illusory." *Id.* If reciprocal promises exist, then, "[u]nder California law, an open term in a contract must be filled in by the party having discretion within the standard of good faith and fair dealing." *Id.* In other words, "a contracting party's discretionary power to vary the price or other performance does not render the agreement illusory if the party's *actual* exercise of that power is reasonable." *Id.* (quoting *Powell v. Central Cal. Fed. Sav. & Loan Assn.*, 59

Cal.App.3d 540, 549, 130 Cal.Rptr. 635 (Cal.App.1976)). The imposition of an objective standard of reasonableness on a discretionary term operates to "save an otherwise illusory agreement." *Third Story Music*, 41 Cal.App.4th at 804–05, 48 Cal.Rptr.2d 747 (citation omitted).

We reached the conclusion that a contract similar to the one at bar was enforceable, and not illusory, in *Ceguerra*. In *Ceguerra*, an eighty year old claimant was living with her son without paying her share of room or board "under an agreement that she would repay him when she won her appeal and obtained a check that would restore her benefits retroactively." 933 F.2d at 737. Noting that "California law requires no specific due date or repayment schedule," *id.* at 739 (citing Cal. Civ. Code § 1657), we held that the agreement was enforceable under California law and instructed the Commissioner not to apply the one-third reduction rule. *Id.* at 742.

A like circumstance exists here. These facts present a stronger case for contract enforcement than did the *Ceguerra* agreement. The claimant had, in fact, been making regular payments, albeit in irregular amounts, and the mutual promises had been memorialized in writing, signed by the parties to be charged. The agreement that the claimant would repay his ex-wife for the extension of room and board as the claimant was financially able was not fatal to enforcement of the agreement, given the imposition of a reasonableness standard on his exercise of discretion, and the parties' performance of the agreement. The agreement was enforceable by claimant's ex-wife whenever claimant was financially able, whether the financial resources came from SSI benefits, an inheritance, or the lotto. In sum, there is no principled distinction to be made between this case and *Ceguerra*, and the agreement is not unenforceable as illusory.

■ At oral argument, the Commissioner also contended that the agreement was unenforceable for lack of consideration. It has long been the rule in California that the rendering of past services with the expectation of future payment constitutes sufficient consideration for a contract. *See Parke & Lacy Co. v. San Francisco Bridge Co.*, 145 Cal. 534, 78 P. 1065, 1067 (Cal. 1904). Further, under California law, "[a] written instrument is presumptive evidence of a consideration." Cal. Civ.Code § 1614.

■ The Commissioner argues that doubt was cast on the agreement because it was executed after initial administrative proceedings. However, no administrative law judge ("ALJ") made an adverse credibility determination. In fact, the first ALJ specifically noted that the "claimant may be credible" and the second ALJ expressly refrained from "any comment on the credibility of the witnesses" because he decided the case without a hearing.[2] The ALJ decision was based on a legal determination that the contract for support was not enforceable. Although the lateness of the memorialization might well be a factor to consider in weighing the credibility of the testimony, it is not relevant to the question of whether the contract was enforceable, which is the salient question. As we have previously noted, a later memorialization of a prior agreement does not affect its enforceability. *Ayoob*, 168 P.2d at 466.

### III

Because the repayment agreement between the parties was enforceable under California law, the one-third reduction rule is inapplicable. Thus, we must reverse the judgment of the district court and remand for proceedings consistent with this opinion.

**REVERSED.**

---

2. On administrative appeal, the Appeals Council raised a credibility issue, but its credibility determinations on appeal are not owed deference. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir.1998). Further, when an appellate administrative body decides a case based on an independent, adverse, credibility determination, contrary to that reached by the hearing judge, it must give the petitioner an opportunity to explain any alleged inconsistencies that the appellate entity raises for the first time. *See, e.g., Abovian v. INS*, 219 F.3d 972, 978 (9th Cir.2000); *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999).