**Jacqueline PATIN, Plaintiff–Appellant,**

**v.**

**William A. HALTER,\* Commissioner of SSA, Defendant–Appellee.**

**No. 99–16963.**

**D.C. No. CV–98–03880–SI.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided March 20, 2001.

* William A. Halter is substituted for Kenneth S. Apfel, Commissioner of Social Security, pursuant to Fed. R.App. P. 43(c)(2).

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

## MEMORANDUM ✳✳

Jacqueline Patin appeals the district court's summary judgment affirming the Commissioner of Social Security's denial of her application for disability benefits and for supplemental security income benefits based on disabilities under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. We reverse and remand.

■ The award of disability benefits is prohibited where alcohol or drug abuse is a contributing factor to the disability. *See* 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J). That is, an individual is not considered disabled for the purposes of the Social Security Act when substance abuse is " 'a contributing factor material to the Commissioner's determination that the individual is disabled.' " *Sousa v. Callahan,* 143 F.3d 1240, 1245 (9th Cir.1998) (citation omitted).

■ Patin argues that she never had an opportunity to properly present evidence on the non-materiality of her addiction to the ALJ because Congress amended the Social Security Act, after her hearing, to prohibit the payment of disability benefits based on a claimant's addiction to alcohol or drugs. That argument has merit. *See Sousa,* 143 F.3d at 1245; *United States v. Kim,* 65 F.3d 123, 126–27 (9th Cir.1995). Patin "must be given an opportunity to present evidence" to the ALJ based on the change in the law which occurred after the hearing. *Sousa,* 143 F.3d at 1245.

■ If the ALJ then reaches step five of the disability analysis, and finds that only nonexertional impairments exist,[1] he must consider a vocational expert's testimony in order to determine whether Patin is able to perform other work that exists in significant numbers in the national economy. *See Reddick v. Chater,* 157 F.3d 715, 728–29 (9th Cir.1998). For example, functional limitations caused by depression are nonexertional. 20 C.F.R. § 404.1569a(c)(i). Use of the grids to analyze those limitations would not be helpful or appropriate. *See Reddick,* 157 F.3d at 729 & n. 11.

REVERSED and REMANDED to the district court for remand by it to the Commissioner of Social Security for further proceedings before the ALJ.

---

✳✳ This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The ALJ found that there were no exertional limitations.