Khaled JAJO, Plaintiff—Appellant

v.

Michael ASTRUE *, Defendant—Appellee.

No. 06–55775.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2008.**

Filed April 14, 2008.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Archer, Senior Circuit Judge, sitting by designation, dissented.

---

Thomas G. Roche, Esq., San Diego, CA, for Plaintiff–Appellant.

Khaled Jajo, El Cajon, CA, pro se.

U.S. Attorney's Office, USSD—Office of the U.S. Attorney, San Diego, CA, Jacqueline A. Forslund, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: PREGERSON, ARCHER ***, WARDLAW, Circuit Judges.

## MEMORANDUM ****

Khaled Jajo, an Iraqi refugee who sustained significant injuries from a car accident before leaving his homeland, appeals the district court's grant of the Social Security Commissioner's cross-motion for summary judgment. The district court affirmed the Commissioner's denial of supplemental security income ("SSI") disability benefits under Title XVI of the Social Security Act based on Jajo's inability to work due to depression and post traumatic stress disorder. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand to the district court with instructions to remand to the Commissioner for the calculation and award of benefits.

█ The district court incorrectly found that the Administrative Law Judge's reasons for rejecting the opinion of Jajo's treating physician, Dr. Barros, in favor of that of Dr. Glassman, a consultant who interviewed Jajo once, were specific and legitimate, and based on substantial evidence in the record. *See Orn v. Astrue,* 495 F.3d 625, 631–33 (9th Cir.2007); *Thomas v. Barnhart,* 278 F.3d 947, 956–57 (9th Cir.2002); *Tonapetyan v. Halter,* 242 F.3d 1144, 1148–49 (9th Cir.2001) (citing *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995)). Dr. Glassman's report is inconsistent with the remainder of the evidence in the record, as well as Dr. Barros's opinion. Although the ALJ stated that he

found material inconsistencies and vacillations by Jajo in the progress records, he never explained what those inconsistencies or vacillations were. Contrary to the ALJ's statement, Dr. Glassman's report did not include "detailed" mental status findings. While the ALJ noted that Jajo did "well" when he took his medication, the progress notes do not support that conclusion. The ALJ relied on the lack of corroboration on the part of the orthopedic consultant and various emergency room reports. However the purpose of those visits was not to assess Jajo's mental health, and thus any lack of corroboration is not surprising. Furthermore, Jajo's mental state significantly worsened in the time between Dr. Glassman's single interview and Dr. Barros's assessment—after six months of treatment—of Jajo's ability to do work-related activities.

Accordingly, Dr. Glassman's earlier medical evaluation, based on Jajo's condition more than two years before his hearing before the ALJ, does not constitute substantial evidence to rebut Dr. Barros's conclusions made only three months before the hearing. *See Stone v. Heckler,* 761 F.2d 530, 532 (9th Cir.1985). The district court thus erred in upholding the ALJ's failure to assign controlling weight to Dr. Barros's opinion. *See Orn,* 495 F.3d at 631; *Embrey v. Bowen,* 849 F.2d 418, 421–22 (9th Cir.1988).

█ The district court further erred in finding proper the ALJ's conclusion that Jajo's mental condition resulted in only slight to moderate limitations of work-related mental functioning. Dr. Barros diagnosed Jajo with post traumatic stress disorder and major depressive disorder. Initially her assessment focused on his de-

---

*** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pressed mood, his lack of energy, along with his feelings of nervousness, helplessness and paranoia. Later reports also focus on his irritability, anxiety, insomnia, out-of-control anger and flashbacks, including that Jajo resorted to punching walls to relieve his distress. On December 31, 2003, after having treated Jajo for six months, Dr. Barros reported that Jajo had no more than a poor to fair ability to perform essentially all work-related mental functions. In particular, his ability to maintain attention for two-hour segments, maintain attendance and punctuality standards, perform at a consistent pace, complete a normal work day or work week without interruption, deal with normal work stress, and interact appropriately with coworkers were all poor to none.

"Occasional symptom-free periods—and even the sporadic ability to work—are not inconsistent with disability." *Lester*, 81 F.3d at 833. That Jajo may go shopping with his wife, take his children to school, visit friends and attend church does not detract from Jajo's credibility as to his disability. *See Orn*, 495 F.3d at 639. And although the ALJ noted a problem with alcohol, there is no evidence that any such problem was a contributing factor material to a determination of disability, such that Jajo would not be found disabled if he did not drink. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(b)(1)–(b)(2); 416.935(b)(1)–(b)(2); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.1998).

■ Dr. Barros's diagnosis supports an award of SSI disability benefits to Jajo. Jajo is not working, has a severe impairment—which the ALJ recognized, and "his ... impairments are of such severity that he is not only unable to do his previous work [as a taxi driver] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy," thus satisfying all requirements of 42 U.S.C. § 1382c(a)(3)(B). Accordingly, the ALJ erred by denying Jajo's claim for benefits.

■ We may remand for a benefits award "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir.1989); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996). Each of the requirements of 42 U.S.C. § 1382c(a)(3)(B) has been established, and there are "no outstanding issues that must be resolved before a proper disability determination can be made." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir.1988). Therefore, we remand to the district court with instructions to remand to the Commissioner for the immediate payment of benefits.

**REVERSED** and **REMANDED** with award of benefits.

Judge ARCHER respectfully dissents from the foregoing disposition.