**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACEE KENSLER BAXLA, | No. 14-17222 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00733-BSB |
| v. | |
| CAROLYN W. COLVIN, Commissioner Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Bridget S. Bade, Magistrate Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Stacee Baxla appeals from the district court's order affirming the ALJ's

denial of disability benefits. We affirm in part, reverse in part, and remand for

further proceedings.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*1. Subjective medical symptom testimony.* The ALJ provided three legally sufficient reasons, each supported by substantial evidence in the record, for rejecting Baxla's subjective medical symptom testimony regarding the intensity, persistence, and limiting effects of her syncope condition: (1) the claimant failed to comply with her prescribed course of treatment; (2) the claimant's treating neurologist expressed skepticism that she experienced daily syncope episodes; and (3) the claimant's daily activities were inconsistent with her allegation that she experienced daily syncope episodes. *See Rounds v. Commissioner*, 807 F.3d 996, 1006 (9th Cir. 2015). As the district court correctly observed, although the ALJ's adverse credibility determination erred on various other grounds, these errors were harmless and do not warrant reversal here. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1162 (9th Cir. 2008). The ALJ did not err when evaluating Baxla's subjective medical symptom testimony.

*2. Medical opinion evidence from Dr. Al-Zubaidi.* When making disability determinations, the ALJ is not required to accept as true limitations raised in hypothetical questions when the limitations are not supported by evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Here, Baxla's hypothetical question to the vocational expert assumed that the claimant would experience syncope episodes that lasted for approximately thirty-to-sixty

minutes. However, Dr. Al-Zubaidi rendered no medical opinion regarding the duration of the claimant's syncope episodes and its effect on her ability to perform work in the national economy. The only record evidence regarding the duration of the claimant's syncope episodes came from her testimony at the administrative hearing, which the ALJ determined was not credible. Dr. Al-Zubaidi opined only that, because the claimant fainted twice per week, she was precluded from working around heights or machinery. The ALJ expressly incorporated this limitation into his residual functional capacity assessment, and therefore did not err when evaluating Dr. Al-Zubaidi's medical opinion.

3.     *Medical opinion evidence from Dr. Robicheau*. The ALJ acknowledged the opinion of Dr. Robicheau, a nonexamining psychologist, that Baxla should be limited to simple, repetitive tasks. Her assessment identified several specific items as to which she concluded that Baxla was moderately limited. The ALJ reached a different conclusion, however, specifically that the "evidence better supports limitations in interaction with others than limitations to simple, repetitive tasks." Because the ALJ's residual functional capacity assessment conflicted with the assessment of Dr. Robicheau regarding Baxla's moderate work-related mental limitations, the ALJ was required to provide an explanation for rejecting Dr. Robicheau's medical opinion. *See* Social Security

Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ was also required to support his explanation with reference to substantial evidence from the medical record. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ failed to provide a legally sufficient reason, supported by substantial evidence in the medical record, for rejecting Dr. Robicheau's opinion. That error was not necessarily harmless because Dr. Robicheau's medical opinion, if credited, could have affected the ALJ's disability determination. The vocational expert testified that an individual with the moderate work-related mental limitations identified by Dr. Robicheau could not perform the claimant's past relevant work as a hand packager. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

4.      *Remand for further proceedings*. Baxla is not entitled to the immediate award of benefits under the credit-as-true rule. The disputed evidence, even if credited as true, did not necessarily establish that the claimant would be entitled to benefits. *See Garrison*, 759 F.3d at 1020. We therefore instead remand for further proceedings not inconsistent with this memorandum disposition.

Each party to bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**