143 F.3d 1240
 57 Soc.Sec.Rep.Ser. 22, Unempl.Ins.Rep. (CCH) P 16035B,
98 Cal. Daily Op. Serv. 3549,
98 Daily Journal D.A.R. 4871
Dennis SOUSA, Surviving Spouse of Anna M. Sousa, Deceased,
Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-17256.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 12, 1997.
Decided May 11, 1998.
 
 James L. Bianchi, Benicia, California, for the appellant.
 Jeffrey H. Baird, Assistant Regional Counsel, San Francisco, California, for the appellee.
 Appeal from the United States District Court for the Eastern District of California; Gregory G. Hollows, Magistrate Judge, Presiding. D.C. No. CV-95-00560-GGH.
 Before: FLETCHER and T.G. NELSON, Circuit Judges, and WHALEY,** District Judge.
 T.G. NELSON, Circuit Judge:
 
 
 1
 Plaintiff Dennis Sousa appeals the district court's order granting summary judgment to defendant Commissioner of Social Security ("Commissioner") and dismissing his deceased spouse's claim for disability insurance benefits under Title II of the Social Security Act. The district court dismissed Sousa's claims because it found that his spouse was ineligible to receive benefits under 42 U.S.C. § 423(d)(2)(C). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand with instructions.
 
 I.
 
 2
 Anna M. Sousa ("claimant") first applied for both disability insurance benefits ("DIB") and supplemental security income ("SSI") in 1988. The claims were denied, both initially and upon reconsideration. Because she failed to request a timely review of the decision by the Appeals Council, the April 1989 determination became the Commissioner's final decision on the matter.[1]
 
 
 3
 A second application for DIB was filed in 1992, alleging disability since February 11, 1987, due to mental illness and depression. This application was supported by additional evidence, consisting primarily of a single medical report dated March 31, 1987, that was not considered with the original filing. The Social Security Administration once again denied benefits both initially and upon reconsideration. Claimant then requested a hearing before an administrative law judge ("ALJ"). After a March 24, 1994, hearing, the ALJ determined this second application was barred by the principle of res judicata. As the Commissioner's determination on the first application, which covered essentially the same time period, had become the final determination of the Commissioner, the ALJ held that the case should not be reopened or revised because the claimant had failed to show the requisite "good cause" as defined in 20 C.F.R. § 404.989.
 
 
 4
 The Appeals Council granted review of the ALJ decision and reopened the matter, finding good cause[2] to reconsider the original 1989 decision. However, the Appeals Council did not hold a new hearing or remand the case to the ALJ. Instead, the Council reviewed the transcript from the 1994 hearing and considered the evidence itself, concluding that plaintiff was not entitled to receive DIB. It found both Anna and Dennis Sousa's testimony at the 1994 hearing not credible, and Anna's medically determinable impairments, dysthymia and substance abuse, not sufficiently severe to preclude her from working at any time prior to December 31, 1987, the last date of her insured status.
 
 
 5
 Claimant then filed a complaint in federal court seeking review of the Appeals Council's determination,[3] proceeding before a United States Magistrate Judge pursuant to the parties' consent.[4] She then moved for summary judgment. Defendant filed a cross-motion also seeking summary judgment.
 
 
 6
 While those motions were pending, the law was amended to add 42 U.S.C. § 423(d)(2)(C), which precludes the award of benefits to certain claimants whose disability is based, in whole or in part, on alcoholism and drug addiction or either of them. The district court ordered briefing from the parties "on the effective date of that amendment," and subsequently found that the Appeals Council's conclusion-that claimant had not met her burden of proving a mental impairment severe enough to preclude her from working during the relevant time period-was not supported by substantial evidence. However, the court held that "the recent amendments are effective to preclude an award of benefits" because "plaintiff's mental problems during the pertinent period were intertwined and exacerbated by longstanding substance abuse." This timely appeal followed.[5]II.
 
 
 7
 A district court's order upholding the denial of social security benefits by the Commissioner is reviewed de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The decision of the Commissioner must stand if it is supported by substantial evidence and it applies the appropriate legal standards. Id. Substantial evidence is "more than a mere scintilla, but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.1996) (citation omitted), cert. denied, --- U.S. ----, 117 S.Ct. 953, 136 L.Ed.2d 840 (1997). "If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary." Flaten v. Secretary, 44 F.3d 1453, 1457 (9th Cir.1995). However, the Appeals Council's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989). The record as a whole must be considered. Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.1986).
 
 
 8
 A district court's interpretation of a statute is a question of law reviewed de novo. Allen v. Shalala, 48 F.3d 456, 457 (9th Cir.1995).
 
 III.
 
 9
 We begin by examining whether the Appeals Council's determination, that claimant's impairments were not severe enough to support a finding of disability during the relevant time period, is supported by substantial record evidence. If it is, we do not need to consider whether the claimant is precluded from receiving DIB under the amendment because of her alcohol and drug abuse. If it is not, we must consider whether the amendments disqualify claimant from DIB eligibility.
 
 A. The Appeals Council's Determination
 
 10
 In denying Sousa's claim, the Appeals Council substantially relied on its rejection of her and her husband's lay testimony. It also rejected the analysis of Dr. Lundeen, primarily due to his reliance on this testimony in formulating his conclusions. These decisions led the Appeals Council to conclude that Sousa was not disabled during the relevant time period. Because the rejection of the testimony was not supportable on the stated grounds, the Appeals Council's conclusion cannot be sustained.
 
 
 11
 1. Rejection of the Lay Testimony.
 
 
 12
 Anna Sousa testified that she was "unable to cope with everyday living" in 1987 and that she had "difficulty taking care of her personal needs." Her husband testified that she plugged electrical outlets up with paper, boiled her clothes, and often could not sleep for days at a time.
 
 
 13
 The Commissioner can only reject lay testimony as incredible under certain conditions. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). However, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991). The adjudicator may, however, disregard self-serving statements made by claimants if it finds them to be incredible on other grounds. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990). Relevant factors can include the claimant's engagement in activities inconsistent with a claim of disability, an unexplained or inadequately explained failure to seek treatment, or other ordinary methods of credibility determination. Bunnell, 947 F.2d at 346.
 
 
 14
 Here, the lay testimony at issue was given at a 1994 hearing in front of an ALJ who concluded that the principles of res judicata and administrative finality prohibited him from reopening the case to reconsider the merits. The Appeals Council disagreed and found good cause to reopen the matter. The Council then proceeded on the merits without conducting a new hearing or remanding the case to the presiding ALJ.
 
 
 15
 The Appeals Council found the Sousas' testimony not credible. In support of this conclusion, it cited "the length of time between the actual events and the testimony"; the lack of corroborating objective evidence of "paranoid behavior on or before December 31, 1987, as reported in the testimony," even though evidence existed concerning a similar incident in 1991; and the fact that plaintiff had obtained "other nonmental medical treatment during 1987 for short term physical problems, but not related to the mental problems," which did not result in a "mention of a mental problem in the other treatment notes." The Appeals Council concluded its adverse credibility finding by saying:
 
 
 16
 The claimant was able to function well enough to leave her home to obtain treatment for physical problems and it seems reasonable to assume if the claimant had the marked restrictions alleged for that period, they would have been noticed and remarked upon by nonmental health sources. Therefore the Council cannot find the testimony of the claimant and her husband concerning her functional restrictions on or before December 31, 1987, credible.
 
 
 17
 These justifications for the rejection of the lay testimony are not sufficient. The substantial amount of time between the events at issue and the testimony given is an inevitable by-product of the procedural posture of this case. The existence of objective evidence of a paranoid incident in 1991 is not determinative of whether those events also took place in 1987, but is at least some evidence of the existence of the condition. Finally, the Appeals Council's belief that Sousa had occasionally consulted doctors for short-term physical problems during the relevant time period without incident is apparently mistaken, as those visits did not take place until 1988. Additionally, the significance of these visits is unclear, as those doctors had no duty to inquire about, consider, or document anything other than the injury for which plaintiff sought treatment. Thus, the absence of notes relating to mental problems is not probative of anything except the fact that these physicians were consulted for other matters.
 
 
 18
 Even if these reasons were offered by an ALJ who was present at the hearing and observed the demeanor of the witnesses, they would be suspect. Here, the Appeals Council based its decision on its own independent review of the transcript testimony more than one year after it was taken. This fact further supports our conclusion. Because the Appeals Council's justifications are not supported by specific, cogent reasoning, we cannot uphold them. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981).
 
 
 19
 2. Rejection of Dr. Lundeen's Analysis.
 
 
 20
 Plaintiff submitted a letter, dated November 1, 1994, containing the opinion testimony of Dr. Richard Lundeen. Dr. Lundeen concluded that "there is sufficient medical and lay evidence to establish with reasonable medical certainty that Mrs. Anna Dangler Sousa was, in 1987, suffering from the identifiable mental health disorder known as Dysthymia [leading to] a marked impairment of Mrs. Sousa's psychological, social, and occupational functioning." The Appeals Council agreed with Dr. Lundeen's conclusion that plaintiff had dysthymia prior to December 31, 1987; however, it "[did not] agree that the evidence of record supports the degree of restrictions shown in his evaluation." In rejecting Dr. Lundeen's opinion, the Appeals Council noted that Dr. Lundeen "based much of his assessment of the claimant's functional ability on the testimony of the claimant and her husband at the [March, 1994] hearing."
 
 
 21
 The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. Gomez v. Chater, 74 F.3d 967, 972 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 209, 136 L.Ed.2d 144 (1996); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995). In rejecting Dr. Lundeen's opinion, the Appeals Council noted that Dr. Lundeen "based much of his assessment of the claimant's functional ability on the testimony of the claimant and her husband at the [March, 1994] hearing." As discussed above, the Appeals Council offered insufficient justification for rejecting that testimony. If the lay testimony is found credible, then Dr. Lundeen's reliance on it does not undermine the validity of his analysis. Accordingly, his opinion remains a substantial hurdle standing in the way of a finding that the claimant was not disabled. Because this improper discreditation of the lay testimony formed the basis for the rejection of Dr. Lundeen's analysis, that rejection fails. We therefore conclude that the Appeals Council's conclusion that claimant was not disabled during the relevant time period is not supported by substantial evidence.
 
 
 22
 B. Whether the Plaintiff Would Still Be Disabled if She Stopped Using Drugs and Alcohol
 
 
 23
 Title 42 U.S.C. § 423(d)(2)(C) ("the amendment") provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if drug addiction or alcoholism would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." The "key factor ... in determining whether alcoholism or drug addiction is a contributing factor material to the determination of disability" is whether an individual would still be found disabled if she stopped using alcohol or drugs. 20 C.F.R. § 404.1535(b)(1). "In making this determination, [the Commissioner] will evaluate which of [the claimant's] current physical and mental limitations ... would remain if [she] stopped using drugs or alcohol and then determine whether any or all of [her] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2).
 
 
 24
 When the hearing was held, the amendment was not yet in existence. At that time, drug and alcohol addiction could support a finding of disability, and plaintiff presented her case accordingly. On March 29, 1996, after the hearing, the ALJ ruling, the Appeals Council's reopening of the case, its decision, and the filing of this civil action in the district court, the amendment came into effect. The district court asked the parties to brief the issue of the applicability of the amendment, but plaintiff never had an opportunity to present evidence relevant to the amendment's primary inquiry: whether plaintiff's organic brain syndrome, dysthymia, and adjustment disorder would remain during periods when she stopped using drugs and alcohol.
 
 
 25
 The district court stated that because "any fair reading of the record demonstrates that plaintiff's mental problems during the pertinent period were intertwined and exacerbated by longstanding substance abuse," and "plaintiff's substance abuse constituted a significant contributing factor to the determination of mental impairment," plaintiff is precluded from obtaining disability insurance benefits. In arriving at this conclusion, the court failed to distinguish between substance abuse contributing to the disability and the disability remaining after the claimant stopped using drugs or alcohol. The two are not mutually exclusive. Just because substance abuse contributes to a disability does not mean that when the substance abuse ends, the disability will too.
 
 
 26
 Claimants subject to this amendment must be given an opportunity to present evidence as to whether their disability would have remained if they stopped using drugs and alcohol. Because a change in the law has now rendered once irrelevant evidence a material part of the DIB inquiry, the case must be remanded to give Sousa an opportunity to present further evidence. See 42 U.S.C. § 405(g) (stating that federal courts may remand Social Security cases for the taking of further evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").
 
 IV.
 
 27
 The Appeals Council's determination that Sousa was not disabled during the relevant time period was substantially based on an improper rejection of lay testimony. Furthermore, Sousa has not had an opportunity to present evidence as to whether claimant's disability would have continued if she stopped using drugs or alcohol. Accordingly, the district court's order dismissing the action is REVERSED and the case is REMANDED to the district court. The district court is directed to remand the case to the Commissioner of Social Security with instructions to require the ALJ who was present at the hearing to review the evidence de novo, taking such further evidence as is required to determine plaintiff's eligibility for benefits under the current law.[6]
 
 
 28
 REVERSED AND REMANDED.
 
 
 
 *
 John J. Callahan has been substituted for his predecessor in office, Shirley S. Chater, pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for Eastern Washington, sitting by designation
 
 
 [1]
 She was subsequently awarded SSI commencing in February 1993 due to mental illness and substance addiction
 
 
 [2]
 The Appeals Council indicated that "[g]ood cause was furnished by the claimant's mental impairment which may have hampered her ability to properly appeal the reconsideration determination."
 
 
 [3]
 The decision of the Appeals Council constituted the final decision of the Commissioner, thereby allowing for judicial review. 20 C.F.R. § 404.981
 
 
 [4]
 See 28 U.S.C. § 636(c)
 
 
 [5]
 After the district court rendered its decision, Anna Sousa died. This action proceeds under the authority of her surviving spouse, Dennis Sousa, who is her only heir intestate. 42 U.S.C. § 404(d). Any benefits arising from this action will be for a closed period of entitlement
 
 
 [6]
 If on remand the Commissioner finds that plaintiff is entitled to receive benefits, the Commissioner must also determine whether the benefits are payable to plaintiff's surviving spouse under 42 U.S.C. § 404(d)(1)