Carol M. **HARDING,** Plaintiff–Appellant,

v.

Larry G. **MASSANARI,\*** Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–35389.

D.C. No. CV 99–06078–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided June 7, 2001.

As Amended June 25, 2001.

* Larry G. Massanari, is substituted for his predecessor, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

**604**

Before GOODWIN, GREENBERG,[**] and RAWLINSON, Circuit Judges.

MEMORANDUM [***]

Carole M. Harding appeals a judgment remanding her Supplemental Security Income (SSI) disability insurance benefits claim for additional administrative proceedings. We affirm.

On August 26, 1997, an Adjudication Officer issued a decision finding Harding disabled under Section 1614(a)(3)(A) of the Social Security Act as of the date of her March 12, 1996 application. Before the decision became final, the Appeals Council exercised its review authority, and by Order dated December 15, 1997, vacated the Adjudication Officer's favorable decision and remanded the case to an ALJ for further proceedings.

On September 23, 1998, ALJ Stewart issued a decision finding Harding not disabled. In arriving at this conclusion, the ALJ rejected the testimony of the appellant's examining psychologists primarily on the ground that since the claimant represented to her evaluators that she was no longer abusing alcohol, "their diagnostic impressions and conclusions regarding her clinical findings and capacity for work have all been marred by this intentional misrepresentation." The ALJ then proceeded to apply the five-step sequential evaluation process for determining disability under the Act. The ALJ first determined under step one that Harding had not engaged in substantial gainful activity during the adjudicatory period. At step two, the ALJ determined that Harding had several severe impairments, but, proceeding to step three, found that none of the impairments were listed in, or medically equal to, one listed in 20 C.F.R. pt. 404, subpt. P, app. 1. At step four, the ALJ found that Harding had the residual functional capacity to engage in activity requiring medium exertion, and at step five, determined that Harding was capable of performing a number of different jobs existing in the national economy. The ALJ then determined that Harding was not disabled within the meaning of the Social Security Act, and she timely requested Appeals Council review of the ALJ's decision. After the Appeals council declined review, the ALJ's decision became the final administrative

[**] The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

decision, from which Harding sought judicial review.

The district court issued an Opinion and Order reversing the ALJ's decision and remanding for the ALJ to address step three of the sequential evaluation process and to address the materiality of Harding's alcoholism.

## MEDICAL EVIDENCE

A number of psychological evaluations of Harding are summarized as follows:

April 30, 1996, Dr. Robert Kurlychek, Ph.D conducted a comprehensive psychological evaluation of Harding. He diagnosed "psychotic disorder, ... adjustment disorder with mixed anxiety and depressed mood; alcohol dependence, in remission; and personality disorder...." He concluded that "[t]his individual demonstrates difficulties with regard to cognitive and psycholgical capacities." Moreover, "this individual's impairments combine to present her with serious handicaps in terms of vocational and social functioning. She is currently unable to seek or maintain gainful employment and, barring any discovery of treatable medical problems, I would expect this condition to be at this level of severity for in excess of 12 months."

Arthur J. Edelmann, Ph.D., conducted a psychological evaluation of Harding on June 2, 1997. Harding reported she had not drunk alcohol for a year and a half, but complained of auditory and visual hallucinations. Dr. Edelmann's diagnosis was consistent with Dr. Kurlychek's. He concluded that Harding did not appear to be capable of working at the time of his evaluation. He did not include any limitations he thought were the result of alcoholism or drug addiction. Dr. Edelmann said that Harding was markedly limited in her ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Alison Prescott, Ph.D., saw Harding on February 13, 1998, for a psychodiagnostic evaluation. Her diagnosis was consistent with Dr. Edelmann's and Dr. Kurlychek's. On a "Medical Assessment of Ability to Do Work–Related Activities," Dr. Prescott indicated that the claimant had a "fair" ability to deal with the public, use judgment with the public, function independently, maintain attention concentration, follow detailed but not complex, job instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. The form defined "fair" as "ability to function in this area is seriously limited, but not precluded." Dr. Prescott indicated that the claimant had a "poor" ability to deal with work stresses and follow complex job instructions. She had a "good" ability to follow work rules, relate to co-workers, interact with supervisors, follow simple job instructions, and maintain personal appearance.

On March 18, 1998 Harding collapsed while drinking in a bar and went into cardiac arrest. Harding had an aortic valve replacement on April 10, 1998, and a fiberoptic bronchoscopy on April 17, 1998. According to Harding, she stopped drinking after this event.

Dr. Edelmann saw Harding again on July 10, 1998. In his evaluation, he indicated that he knew that Harding had previously misrepresented that she had quit drinking. He concluded Harding was affected by her alcohol consumption "in some major ways that inhibit her ability to function in society." Moreover, "[s]he is only able to do the most minimal of social contacts.... If she has been alcohol free for the last three to four months ..., she still exhibits a paucity of interactive abilities and difficulty in remembering important information.... These factors com-

bined with her physical condition would probably render full time employment problematic. Her ability to work is severely compromised both by her inability to relate with the public, and her lack of ability to follow through on a regular basis with planned activities."

On July 15, 1998, Dr. Prescott also filled out a "Questionnaire Concerning An Individual's Mental Residual Functional Capacity." Like Dr. Edelmann, she indicated that Harding was markedly limited in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." She also indicated that Harding was moderately limited in eight other categories of mental functioning. The form instructed the evaluator not to consider limitations associated with the claimant's alcoholism or drug use.

On this record, the treating and examining evidence suggests but does not clearly establish disability without regard to the use of alcohol. Accordingly, the district court was correct in remanding the claim to the Commissioner for further consideration of the materiality of Harding's alcohol use pursuant to 42 U.S.C. § 423(d)(2)(C). See *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.1998).

AFFIRMED.