**Grace WINKOWITSCH–SMITH, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–35345.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2004.*

Decided Oct. 27, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM **

### I.

Appellant Grace Winkowitsch–Smith has not been able to work since she suffered a back injury at her job in 1997.[1] She subsequently applied for disability insurance benefits and supplemental security income. At two hearings before the Administrative Law Judge (ALJ), Winkowitsch–Smith presented medical records detailing her physical and mental disabilities. All of her doctors agreed that these conditions resulted in impairments, but they differed in their opinions over their severity. The ALJ denied Winkowitsch–Smith's claim because he found that: (1) the opinions of her treating physicians, who concluded that she cannot work, were not to be credited, largely because they relied on her subjective description of her pain; and (2) her pain is not so severe that she is not capable of performing sedentary work. Ultimately, the district court upheld the denial and Winkowitsch–Smith timely appealed.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### II.

#### A. Pain Testimony

The ALJ failed to base his adverse determination with respect to Winkowitsch–Smith's pain testimony on substantial evidence in the record because the evidence he cited is either inconsequential or his reasoning is unsupported by the record. *See Morgan v. Comm'r of Soc. Sec.,* 169 F.3d 595, 599 (9th Cir.1999) (quoting *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989)) (holding that a Commissioner's decision to deny benefits will only be overturned "if it is not supported by substantial evidence or is based on legal error."). The ALJ offered five reasons for determining that Winkowitsch–Smith's pain testimony was not credible: her daily activities have not been restricted; her time spent reading indicated that she can concentrate; she has not fully complied with her doctors' recommendations; her claim that she is anxious around crowds was unsupported; and her motives were questionable. Each of these reasons, however, is erroneous and, viewed collectively, they conflict with the principle that "[i]f an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings." *Bunnell v. Sullivan,* 947 F.2d 341, 347 (9th Cir.1991).

Addressing the ALJ's assessment of daily activities and concentration, Winkowitsch–Smith testified that she was able to do some chores and reading daily. It is unreasonable to conclude from that testi-

---

1. Because the parties are acquainted with the facts and procedural history of this case, we repeat only an abbreviated summary here.

mony, however, that she is capable of employment or is not in substantial pain. "One does not need to be 'utterly incapacitated' in order to be disabled." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir.2004) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001)); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989) (explaining that many home activities are not always easily transferable to the workplace).

Winkowitsch–Smith has degenerative spondylolithesis, osteoporosis, gastrointestinal problems, fibromyalgia, a rotator cuff strain, two congenital birth defects (a club foot and absent digits on her right hand), depression, and anxiety. Numerous doctors offered a myriad of recommendations to treat each of her medical conditions. Winkowitsch–Smith's failure to exhaustively comply with all of her doctors' recommendations is not a proper basis for an adverse finding because she has already fulfilled the vast majority of instructions and is limited by financial considerations. *See Fair*, 885 F.2d at 602 (9th Cir.1989) (holding that an ALJ may not rely "on the claimant's failure to take pain medication where evidence suggests that the claimant had a good reason for not taking the medication."). Winkowitsch–Smith even testified that some of the treatments would cause her more pain and possibly even incapacitate her. The ALJ simply ignored her reasonable explanations, as well as failed to consider whether following the recommendations would have had any effect on the severity of her pain.

Furthermore, there is no reasonable basis for the ALJ's conclusion that Winkowitsch–Smith's anxiety around crowds is unsupported. To the contrary, the existence of her anxiety around crowds is supported by reports of several psychologists, and the testimony of Dr. Kuka, the medical expert at trial, who commented that her anxiety was evident even at the hearing. An ALJ cannot substitute his own opinion for that of the medical experts by disregarding evidence in the record. "Sheer disbelief is no substitute for substantial evidence." *Benecke*, 379 F.3d at 594.

Finally, the ALJ erred in finding Winkowitsch–Smith's motives questionable based on the fact that she used the same medical documents in her disability hearing that she had used to support her workers' compensation claim. Winkowitsch–Smith is entitled to exhaust all remedies available to her, and she was, in fact, injured while at work. It would be an unreasonable and unwarranted burden to impose on her the cost, pain, and intrusion of repetitive exams, all of which provide the same objective medical evidence.

Given that the ALJ did not rely on substantial evidence to discredit Winkowitsch–Smith's testimony about her pain, her pain testimony must be deemed credible.

### B. Treating Physicians

■ The ALJ improperly discounted the treating physicians', Drs. Allison and Tyson, opinions because he failed to make specific, legitimate findings based on substantial evidence that support his decision. *See Morgan*, 169 F.3d at 599. This standard is reinforced in *Sprague v. Bowen*, 812 F.2d 1226 (9th Cir.1987), holding that a treating physicians' opinion should be afforded more weight than other examining physicians' reports because he has a greater opportunity to know the patient as an individual. *Id.* at 1230. Here, the ALJ discounted the treating physicians' statements largely because they relied on Winkowitsch–Smith's subjective description of her pain, and also because their findings

were inconsistent with those of other experts. In both respects, the ALJ erred.[2]

The ALJ's finding that the treating physicians erred in relying on Winkowitsch–Smith's subjective description of her pain is itself erroneous for the reasons we have explained in determining that Winkowitsch–Smith's pain testimony was credible. Because the pain testimony was credible, it follows that the ALJ improperly rejected the findings that relied on it. *See Sousa v. Callahan,* 143 F.3d 1240, 1244–45 (9th Cir. 1998). Furthermore, the x-rays and other objective medical tests prove the existence of Winkowitsch–Smith's underlying conditions, in particular the gastrointestinal problems and degenerative spondylolithesis. Because the treating physicians used those tests to develop their reports, their conclusions sufficiently rely on objective medical facts that support the credible subjective pain testimony offered by Winkowitsch–Smith.

The ALJ's contention that the physicians' findings should be disregarded because they are inconsistent with those of other experts is unfounded. No opinion contests the existence of Winkowitsch–Smith's underlying conditions; and there is no legal requirement that doctors' conclusions about her limitations must be identical. When legitimate disagreements arise, the treating physicians' views must prevail in the absence of contrary legitimate and persuasive reasons. The ALJ offered no legitimate explanation for preferring the views of the other doctors over those of the treating physicians; thus, the other opinions cannot be given greater weight.

When the findings of the treating physicians were taken into account, two additional experts, the vocational expert and the Social Security Administration's psychologist, arrived at the same conclusion as to the effect of Smith's limitations as did her own doctors. After reviewing all of Winkowitsch–Smith's evidence, including that in the treating physicians' reports, and accepting that evidence as true, the vocational expert agreed at the second hearing that Winkowitsch–Smith is not capable of performing any work that exists in significant numbers in the economy. That conclusion obviates any need for a remand and compels the determination that Winkowitsch–Smith is entitled to an award of benefits.

The ALJ did not have substantial evidence upon which to base his rejection of Winkowitsch–Smith's subjective pain testimony nor his rejection of the treating physicians' opinions. Accordingly, we reverse the decision of the district court and remand with instructions to remand to the Commissioner of Social Security for an award of benefits.

REVERSED AND REMANDED.

---

2. The ALJ also dismissed Dr. Allison's reports for the additional reason that his report was based on an examination not conducted in person. This argument, however, lacks foundation because Dr. Allison treated Winkowitsch–Smith for nine years prior and was very familiar with her conditions.