**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| DAVID CURTIS,<br><br>　　　　　Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant-Appellee. | No. 16-35066<br><br>D.C. No. 3:15-cv-05234-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted April 14, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

David Curtis appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

U.S.C. § 1291. We vacate and remand.

The ALJ erred in rejecting the opinion of state agency consultant, Dr.

Hoskins, based on ambiguity about which of the residual functional capacity

---

[*]　　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("RFC") assessments his opinion affirmed, because the ALJ had a duty to fully and fairly develop the record, including clarifying the basis for Dr. Hoskins's opinion. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." (Citations and internal quotation marks omitted)).

The ALJ erred in failing to refer to specific evidence in the record in alternatively rejecting Dr. Hoskins's opinion that Curtis had a sedentary RFC. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ's conclusion that there were "minimal" treatment records in the relevant period was premised on an inaccurate summary of the evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014). Further, the ALJ failed to make specific findings or explain his interpretation of the evidence regarding "claimant's activities in prison," as a basis for rejecting the sedentary RFC.

The ALJ also failed to provide specific, clear and convincing reasons for finding Curtis not fully credible.

16-35066

*See Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 8 2007) (ALJ must provide clear and convincing reasons for discrediting a claimant absent affirmative evidence of malingering). The ALJ failed to make specific findings relating to Curtis's activities in prison and after his release, did not explain how these activities were inconsistent with any specific pain testimony from Curtis, or a sedentary RFC, and failed to make findings relating to the activities and their transferability to work. *See id.* at 639. To the extent that the ALJ relied on a lack of treatment records related to Curtis's back pain as a basis for discrediting his testimony, as explained above, the ALJ's conclusion that there were minimal treatment records is inaccurate. These errors were not harmless because the only remaining basis to discount Curtis's credibility was the ALJ's conclusion that there was some inconsistency between Curtis's testimony and treatment records about when Curtis stopped using a wheelchair and started using a cane. This finding alone does not constitute substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Thus, on the record before us, we do not sustain the negative credibility assessment.

We therefore vacate and remand to the district court with instructions to remand, on an open record, to the Social Security Administration for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual

16-35066

issues have been resolved, a remand for an award of benefits is inappropriate.").

Each party shall bear its own costs.

**VACATED and REMANDED with INSTRUCTIONS.**

16-35066