**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SADIE C. BURKETT, | No. 18-36028 |
| Plaintiff-Appellant, | D.C. No.     3:17-cv-05893-MAT |
| v. | MEMORANDUM[*] |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted February 5, 2020[**]
Seattle, Washington

Before:     M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Sadie C. Burkett appeals the District Court's decision affirming the Commissioner of Social Security's denial of her application for supplemental security income under Title XVI of the Social Security Act for the time period from May 1, 2011 to January 31, 2016. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order affirming the denial of social security benefits by the Administrative Law Judge ("ALJ") de novo. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We will reverse only if the ALJ's decision was not supported by substantial evidence or is based on legal error. *Id.* When evidence is susceptible to more than one rational interpretation, "we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). We affirm.

The ALJ did not err in giving limited weight to Burkett's nonexamining psychologists, Dr. Kraft and Dr. van Dam, regarding Burkett's disability. An ALJ may reject the opinion of nonexamining physicians so long as the ALJ references "specific evidence in the medical record" that supports doing so. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ accepted the opinions of Drs. Kraft and van Dam as to cognitive and social limitations but gave limited weight to their opinions regarding the impact of Burkett's mental-health symptoms on her ability to persist. In making this determination, the ALJ pointed to medical evidence that Burkett's mental-health status was unremarkable.

Additionally, the medical record shows that Burkett sought mental-health treatment from May 2011 until October 2012. However, Burkett did not seek mental-health treatment from October 2012 until August 2016. Drs. Kraft and van Dam reviewed Burkett's record in 2011 and therefore could not assess Burkett's mental-health symptoms over the subsequent four years. In the absence of any medical evidence that Burkett's decision not to seek mental-health treatment was attributable to her impairment, the ALJ did not err in giving limited weight to Burkett's nonexamining physicians regarding her ability to persist. *See Molina*, 674 F.3d at 1114 (concluding that, because "there was no medical evidence that Molina's resistance was attributable to her mental impairment rather than her own personal preference," it "was reasonable for the ALJ to conclude that the level or frequency of treatment [was] inconsistent with the level of complaints" (internal quotation omitted) (alteration in original)).

The ALJ also did not err in discounting the testimony of Physician Assistant Nixon. A physician assistant is an "other source" and is "not entitled to the same deference" as a licensed physician.[1] *Molina*, 674 F.3d at 1111 (citing 20 C.F.R.

---

[1] The Social Security Administration subsequently defined physician assistants as acceptable medical sources for claims filed on or after March 27, 2017. 82 Fed. Reg. 5844 (Jan. 18, 2017) ("We recognized physician assistants as AMSs for claims filed on or after March 27, 2017, in final [20 C.F.R. §§] 404.1502 and 416.902."). Burkett filed this application in July 2011, so the prior definitions apply.

§§ 404.1513(a), (d)).[2] An ALJ may discount other-source opinions so long as they provide a germane reason to do so. *Id.* Here, the ALJ discounted Nixon's May 2011 opinion that Burkett could stand for only one hour in an eight-hour workday. Although Nixon did not provide an explanation for this limitation, it appears to be based on her incorrect assumption that Burkett would need dialysis treatment for her kidney disease. Because Nixon's suggested restriction appears to have been based on an error, there was substantial evidence to support the ALJ's rejection of the restriction. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). The ALJ's decision is further bolstered by Nixon's subsequent opinion in October 2011, which did not contain such a restriction. The ALJ therefore provided a germane reason to discount Nixon's May 2011 opinion.

The ALJ offered specific, clear and convincing reasons for finding Burkett's testimony not to be credible, including that her testimony about her daily activities and medical issues contradicted her medical records, record evidence that her kidney disease had improved, record evidence that her hypertension was under control, and record evidence that Burkett's depression is "well controlled (when on medication regularly)." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (describing the

---

2  The claim in *Molina* was one for disability benefits, so the Court cited to 20 C.F.R. § 404. Burkett's claim is for supplemental security income, which is governed by 20 C.F.R. § 416. The definition and evidence sections are the same for both parts.

4

standard of review).

Burkett devotes a significant portion of her brief summarizing various medical findings and summarily concludes both that this evidence is consistent with the opinions of van Dam, Kraft, and Nixon and that it is consistent with her testimony. In the main, these putative "arguments" are presented without specificity and therefore are forfeited. *See Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (noting that the Court generally will not consider matters that are not specifically and distinctly argued in an appellant's opening brief). The exception is Burkett's argument that the ALJ erred by failing to evaluate two of Dr. Anuras's treatment notes. However, the ALJ did address the treatment notes, both in a letter to counsel in January 2017 and in his July 2017 decision. In both cases, the ALJ limited admission of additional medical evidence to evidence developed **after** the amended alleged disability onset date of May 1, 2011. Burkett offers no support for the alleged error and fails to carry her burden of demonstrating the ALJ erred.

Finally, the ALJ did not err in discounting the lay witness testimony. An ALJ may discount the testimony of a lay witness, so long as the ALJ provides a germane reason for doing so. "Inconsistency with medical evidence" is one reason that this Court has concluded is germane, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), although this Court has also concluded that "a lack of support from the

5

'overall medical evidence' is . . . not a proper basis for disregarding [lay] observations," *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Here, the ALJ noted that Olmstead's testimony was accorded "partial weight overall given that the degree to which she reported that the claimant is limited is somewhat inconsistent with the above-described record as a whole." This reason is closer to *Bayliss* than *Diedrich*, in that it describes conflict, rather than simply lack of support. Therefore, the ALJ properly provided a germane reason to discount Olmstead's testimony. Moreover, the ALJ provided a second reason to discount Olmstead's testimony: inconsistencies within the statement itself. Burkett failed to challenge this reason and has therefore forfeited her right to contest it. *Bray v. Comm'r of the Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (concluding an argument is lost when not made in the opening brief).

Because Burkett fails to show that the ALJ improperly weighed or failed to consider the evidence, her derivative claims regarding the ALJ's residual functional capacity and hypothetical questions also fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2017).

**AFFIRMED.**

6