**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCE M. MONROE, | No.   18-35385 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01225-RJB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 2, 2020[**]
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Florence M. Monroe appeals the district court's order affirming the

Commissioner of Social Security's denial of disability benefits. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review the district court's decision sustaining the [Administrative Law Judge's ("ALJ")] denial of social security benefits de novo and can reverse only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). Additionally, we "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

1.    Substantial evidence supports the ALJ's evaluation of the medical evidence.

First, the ALJ properly rejected portions of Dr. Platter's opinion, a non-examining physician, by referencing "specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ noted inconsistencies with Monroe's minimal physical examination findings that undermined Dr. Platter's opined limitations. *See* 20 C.F.R. §§ 404.1527(c)(3)–(4), 416.927(c)(3)–(4). The ALJ also specifically found that Dr. Platter's opined limitations were inconsistent with Monroe's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (discounting a treating physician's

opinion, in part, because it was "inconsistent with the [claimant's] level of activity").[1]

Second, the ALJ did not err in rejecting the opinions of the treating physicians (Dr. Shaw and Dr. Sharf) that Monroe is limited to sedentary work. The opinions of Dr. Shaw and Dr. Sharf are contradicted by the opinions of Drs. Kumar, Millett, and Coker. In rejecting the treating physicians' opinions, the ALJ "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[ed] [her] interpretation thereof, and ma[de] findings." *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). The ALJ also found that the doctors' opinions were inconsistent with Monroe's minimal physical examination findings discussed by the ALJ earlier in her decision. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Therefore, even assuming (as Monroe argues) an error in discounting the treating physicians' opinions because they were inconsistent with "the lack of observations of the claimant presenting in any distress at medical

---

[1] Even assuming the ALJ erred rejecting Dr. Platter's opined limitations based on Monroe's "lack of treatment or complaints related to her left upper extremity," this error would be "inconsequential to the ultimate nondisability determination," because the ALJ offered these other specific and legitimate reasons for rejecting Dr. Platter's opined limitations that are supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

3

appointments," that error would be harmless, because it would be "inconsequential to the ultimate nondisability determination." *See Molina*, 674 F.3d at 1115.

2.     The ALJ's step-four finding is supported by substantial evidence and is free of legal error. Monroe concedes in her opening brief that her argument that the ALJ erred in her step-four determination "hinges on" the success of her previous arguments. Thus, because the ALJ did not harmfully err in her analysis of the medical evidence, Monroe's argument fails.

**AFFIRMED.**