NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN S. BURSELL, | No. 19-35636 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05630-RAJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 9, 2020**
Seattle, Washington

Before: McKEOWN and BUMATAY, Circuit Judges, and MOSMAN, District
Judge.***

Robin Bursell appeals the Social Security Administration's final decision,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

affirmed by the district court, denying her disability insurance benefits and supplemental security income because she is not disabled absent her substance abuse. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

1.  **Evaluation of the Medical Evidence:** We reject Bursell's argument that the Administrative Law Judge (ALJ) erred by improperly evaluating the medical evidence. The record in this case contains conflicting medical opinions about Bursell's impairments absent substance abuse. The ALJ "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence" and gave specific, legitimate reasons, which are supported by substantial and specific evidence in the record, for why his analysis of Bursell's limitations, rather than those in the challenged medical opinions, is correct. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); *see Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

2.  **Rejection of Bursell's Testimony:** We disagree with Bursell's assertion that the ALJ improperly discounted her testimony about her limitations absent substance abuse. The reasons the ALJ gave for discounting portions of Bursell's testimony meet the stringent clear and convincing standard for rejecting a claimant's testimony about the severity of her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a

2

sufficient basis for rejecting the claimant's subjective testimony."). Specifically, the ALJ found that the evidence of consistent improvement in functioning after she achieved sobriety undermined Bursell's assertions that her mental limitations did not improve when she was not abusing drugs. Although the record here may be susceptible to other reasonable interpretations, the ALJ's conclusion that the medical evidence contradicts Bursell's testimony about her mental and emotional competency is rational and must be upheld. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

3. **Rejection of Lay Evidence:** We are not persuaded by Bursell's contention that the ALJ improperly rejected her mother Rita Bursell's 2014 statement detailing her limitations. An ALJ must give germane reasons for discounting lay witness testimony. *Diedrich v.Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ afforded Bursell's mother's statement "[s]ome weight," finding that her report that Bursell has improved function since having a child was consistent with functional improvement absent substance abuse. The ALJ's partial credit of Bursell's mother's statement is tied to specific, relevant record evidence, and we find no error. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

4. **Improper Determination of Residual Functional Capacity (RFC) and Step Five Findings:** In light of our conclusion that the ALJ did not err in

evaluating the medical evidence, in assessing Bursell's credibility, or in only partially crediting the lay witness testimony, we reject Bursell's claims that the ALJ erred in determining her RFC or in determining at Step 5 that she can perform jobs in the national economy.

**AFFIRMED.**