**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOLLYE PARTON, | No. 20-35199 |
| Plaintiff/Appellant, | D.C. No. 1:19-cv-03160-TOR |
| v. | |
| ANDREW SAUL, COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant/Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted April 16, 2021[**]
Seattle, Washington

Before: GRABER, CALLAHAN, Circuit Judges, SELNA, District Judge.[***]

Mollye M. Parton appeals the district court's affirmance of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James V. Selna, United States Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Commissioner's denial of her claim for disability benefits.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Parton argues that the Appeals Council erred by failing to consider new evidence that would have, with reasonable probability, changed the outcome of the decision.  "We review the district court's decision sustaining the ALJ's denial of social security benefits de novo."  *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).  The Appeals Council shall consider new and material evidence if it relates to the period on or before the date of the decision and if there is a reasonable probability the evidence would change the outcome of the decision.  20 C.F.R. §§ 404.970(a)(5) & (b), 416.1470(a)(5) & (b).  The new evidence Parton sought to introduce was an evaluation and opinion from Parton's treating physician, Dr. Jackson, stating that Parton was unable to do even sedentary work.  The opinion was duplicative of Dr. Jackson's prior opinion and not based upon a new physical evaluation, and thus the Appeals Council reasonably determined that the evidence would not change the outcome of the decision.

2.      Parton next argues that the ALJ erred by not properly weighing the medical opinion evidence.  The ALJ's decision is reviewed for substantial evidence.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  An ALJ must

---

[1]    Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2

provide specific and legitimate reasons for giving less weight to a treating or examining physician's contradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). An ALJ may "reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Parton asserts that the ALJ erred in limiting Parton's treating physician's opinion and discounting the opinions of certain of the consulting physicians.

The ALJ weighed the contradictory medical opinions and gave limited weight to the opinion of Parton's treating physician, Dr. Jackson, because Dr. Jackson's opinion was inconsistent with the record as a whole, her examination results were contradicted by the results of other contemporaneous examinations, and she did not adequately consider that Parton's self-reports of pain may have been influenced by Parton's drug-seeking behavior. Those constituted specific and legitimate reasons to discount Dr. Jackson's testimony. Parton also fails to demonstrate that substantial evidence did not support the ALJ's decision to discount the opinions of consulting physicians Dr. Thompson and Dr. Dalton, because the ALJ determined those opinions were not consistent with the record as a whole based on citations to specific medical evidence.

3. Parton further argues that the ALJ failed to list her lumbar spine and right arm impairments as severe in Step Two of the Five Step Evaluation Process.

3

Step Two is merely a threshold determination and is not meant to identify the impairments that should be taken into account when determining the residual functional capacity (RFC). *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). When Step Two is decided in the claimant's favor, any error is harmless and cannot be the basis for remand. *Id.* at 1049. The right arm and lumbar spine impairments were associated with and connected to Parton's severe neck and hip impairments, which the ALJ accounted for in determining the RFC. The district court correctly determined that the additional impairments did not create limitations not accounted for in the ALJ's RFC assessment.

4. Parton finally argues that the ALJ erred by not fully crediting Parton's subjective symptom testimony. Because the medical evidence shows that Parton's underlying impairments could reasonably produce the symptoms alleged, the ALJ needed to provide specific, clear, and convincing reasons for rejecting the testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ provided such reasons here. The ALJ noted the inconsistencies and contradictions between the objective medical evidence in the record and with Parton's testimony. The ALJ determined that Parton's drug-seeking behavior further detracted from her testimony regarding her pain and symptoms. The ALJ's reasons for discounting Parton's testimony were specific, clear, and convincing and are supported by substantial evidence. *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir.

4

2020).

**AFFIRMED**