**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELIQUE SMITH, | No. 21-35652 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-05096-EFS |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted July 7, 2022**
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and SEEBORG,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Angelique Smith appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. We review the district court's order de novo and reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Substantial evidence supports the ALJ's weighing of Drs. Marks, Dowell, Smiley and Kraft's opinions. The ALJ gave Dr. Marks's opinion little weight because it had internal inconsistencies. For example, Dr. Marks found that Smith had marked learning limitations in one part, but "no significant learning problems" in another. Inconsistencies are "specific and legitimate" reasons for rejecting an opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The ALJ adequately incorporated Dr. Dowell's recommendations into the Residual Functional Capacity ("RFC"). *See Rounds*, 807 F.3d at 1006 (the ALJ does not ignore findings if they are incorporated into the RFC). For example, Dr. Dowell opined that Smith would have minimal difficulty interacting with coworkers, and the ALJ exceeded that recommendation by limiting Smith's RFC to "superficial" relationships and "no teamwork."

The ALJ rejected Dr. Smiley's opinion that Smith would have two unscheduled absences per month. The ALJ discounted that finding because it was speculative and it was inconsistent with Dr. Smiley's previous conclusion that Smith had mild-to-moderate limitations and with the longitudinal medical records, including Smith's intermittent treatment. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (the ALJ may reject a physician's opinion by referring to specific medical evidence).

Further, the ALJ incorporated Dr. Kraft's findings in the RFC. But Smith argues that the ALJ did not account for Dr. Kraft's opinion that she needed "reasonable rest breaks" in the RFC. The ALJ, however, noted that Smith needed "regularly scheduled breaks" in the RFC. Smith contends Kraft's opinion meant that she needed two unscheduled 30-minute breaks, which the vocational expert testified precludes competitive employment. But nothing compels that conclusion that Dr. Kraft's opinion about "reasonable rest breaks" equates to unscheduled 30-minute breaks. In sum, substantial evidence supports the ALJ's weight distribution to the foregoing opinions.

2. The ALJ did not discuss Smith's fibromyalgia in conjunction with her other impairments, but any error was harmless because Smith did not meet her initial burden of presenting objective medical evidence to support her claim that she meets the Listing 14.09D, or another listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th

Cir. 2005) (claimant bears the burden of proving that her impairment meets or equals the criteria of an impairment listing); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (the ALJ did not discuss claimant's combined impairments but found the error harmless because claimant offered no objective evidence to support the claim). So, it was not reversible error for the ALJ not to discuss Smith's fibromyalgia equivalence in combination with other impairments.

3. Based on the vocational expert's testimony, the ALJ determined at step five that Smith is not disabled and is capable to work other jobs within the national economy. Because the "hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record," the "ALJ's reliance on testimony the [vocational expert] gave in response to the hypothetical therefore was proper." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (citation omitted).

**AFFIRMED**.