NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEANMARIE MAGNOTTI, | No. 24-917 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-01503-JAT |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted April 1, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

JeanMarie Magnotti appeals a district court order affirming the denial by an

Administrative Law Judge ("ALJ") of her application for disability insurance

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order affirming the denial of social security benefits by an ALJ. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). We "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (internal citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (internal quotation marks and citation omitted).

1. The ALJ did not improperly discount Magnotti's subjective symptom testimony. An ALJ must provide "specific, clear, and convincing reasons" for discrediting a claimant's statements about the severity of her symptoms. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). Here, the ALJ explained that Magnotti's testimony about her symptoms and limitations conflicted with the objective medical evidence. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Smartt*, 53 F.4th at 499 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)). Magnotti identifies medical evidence that tends to support her symptom testimony. But "[i]f

the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Carmickle*, 533 F.3d at 1164 ("The ALJ is responsible for resolving conflicts in the medical record."). The ALJ sufficiently "show[ed] his work" and provided a rationale that "has the power to convince." *Smartt*, 53 F.4th at 499.

2. The ALJ did not err in reaching the residual functional capacity ("RFC") determination. Magnotti argues that the ALJ did not sufficiently explain its RFC finding and that it lacked medical opinion support. Both agency doctors determined that, for the relevant time period, there was insufficient evidence to make a medical determination. But an ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998)). And "[i]nherent in this standard is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Id.* The ALJ cited specific medical evidence to support the RFC determination and formed

conclusions about the medical evidence that are supported by substantial evidence in the record.[1]

Magnotti also argues that the ALJ erred by not addressing limitations such as a sit-or-stand option in the RFC assessment. The ALJ properly consulted the vocational expert, relied on that expert's response, and confirmed that the testimony did not deviate from the Dictionary of Occupational Titles. Moreover, the vocational expert did not testify that the accommodation of a sit-or-stand option was necessary for Magnotti to perform past relevant work. Because none of the evidence was "improperly rejected [or] ignored," the ALJ did not err. *Valentine*, 574 F.3d at 694.

**AFFIRMED.**

---

[1] Magnotti argues and the Commissioner concedes that the ALJ cited medical evidence outside of the relevant period to support his RFC determination. However, the ALJ also supported his conclusions with numerous cites to medical evidence in the relevant period.