**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW A. GOODMAN, | No. 17-35941 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05115-BAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted October 12, 2018
Seattle, Washington

Before: BLACK,** TALLMAN, and BEA, Circuit Judges.

Matthew Goodman appeals the district court's order affirming the

administrative law judge's (ALJ) decision denying Disability Insurance Benefits

and finding that Goodman was not disabled within the meaning of the Social

Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan H. Black, United States Circuit Judge for the
U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

§ 1291, and we affirm the Commissioner's decision.

First, even assuming the ALJ erred in failing to discuss Goodman's frequent medical appointments in crafting Goodman's residual functional capacity (RFC), any such error was harmless.[1] *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (explaining in conducting a harmless error analysis, "we look at the record as a whole to determine whether the error alters the outcome of the case"). Because the evidence showed Goodman could work a non-traditional work shift (nights), any error attributable to the ALJ's failure to discuss the effect of Goodman's frequent medical appointments on his ability to hold a traditional day job was harmless.

Second, the ALJ did not err by failing adequately to explain why she rejected the sedentary RFC rendered by a state-agency doctor, instead finding Goodman able to work at the light exertional level. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.") The ALJ weighed the evidence and determined a sedentary level was inconsistent with the objective medical evidence. The ALJ's reasons, including Goodman's daily activities, past work attempts, and lack of medication use constitute

---

[1] Likewise, we reject Goodman's contention that the ALJ's questioning of the Vocational Expert was deficient because it failed to include the functional limitation that Goodman could not work consistently due to frequent medical appointments.

substantial evidence for rejecting the non-examining physician's RFC.

Third, the ALJ gave multiple persuasive, specific, and valid reasons for giving Goodman's 100% VA disability rating only some weight. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("[T]he ALJ may give less weight to a VA disability rating if [s]he gives persuasive, specific, valid reasons for doing so that are supported by the record."). The ALJ considered the combined effect of all of Goodman's impairments on his ability to function, as required by 42 U.S.C. § 423(d)(2)(B), and determined Goodman's limitations would still permit civilian light work. The objective medical and other record evidence did not establish that Goodman's conditions precluded him from performing all light work during the closed period of disability.

Fourth, contrary to Goodman's assertion, both of Mrs. Goodman's statements were mentioned in the ALJ's decision. Although the ALJ did not explicitly state she was rejecting or discounting Mrs. Goodman's testimony, her discussion of Mrs. Goodman's statements in the context of finding a mild restriction in the activities of daily living demonstrates she found the statements inconsistent with the evidence. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (explaining an ALJ must provide a germane reason to discount the testimony of a lay witness). Further, Mrs. Goodman's statements were largely duplicative of Goodman's own complaints, and the ALJ explicitly discounted Goodman's

testimony about symptoms because it was inconsistent with the medical evidence and Goodman's activities of daily living. Thus, any error by the ALJ in not assigning weight to Mrs. Goodman's statements is harmless.[2]

Finally, as to the Vocational Expert's (VE) testimony at the hearing, the record shows Goodman's counsel questioned the VE regarding the basis for his job numbers. The VE's testimony regarding the job numbers available for "cleaner, housekeeping" is supported by substantial evidence. The parties agree on the job numbers for this position; they disagree only on the question of whether the position constitutes light work. Goodman's own VE provided no support for his conclusion that contrary to the Dictionary of Occupational Titles (DOT) definition, the position of "cleaner, housekeeping" entails more than light work. *See Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (stating a court may accept a VE's opinion that contradicts the DOT definition only if the record contains "persuasive evidence to support the deviation" (citation omitted)). Thus, the ALJ's decision that Goodman could perform the work required for the "cleaner, housekeeping" position was supported by substantial evidence.

**AFFIRMED.**

---

[2] We also find no merit to Goodman's contention that the ALJ's questioning of the Vocational Expert was deficient because it failed to include functional limitations expressed by Mrs. Goodman.

17-35941