**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA E. DELEON, | No.   18-35034 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05513-RAJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 8, 2020**
Seattle, Washington

Before:  CLIFTON, D.M. FISHER,*** and M. SMITH, Circuit Judges.

Angela DeLeon appeals the denial of her application for Social Security

disability benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

review de novo the district court's order. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). We must affirm the Administrative Law Judge's (ALJ) decision "if it is supported by substantial evidence and is free of legal error." *Id.* (citing 42 U.S.C. § 405(g)). In addition, "we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record," and we may not reverse the ALJ's decision "on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). We affirm the district court.

1.      Substantial evidence supports the ALJ's weighing of the medical evidence. The ALJ appropriately discounted the opinions of Drs. Perrillo, Schleef, Guerreiro, and Asher and gave "specific and legitimate reasons" for doing so, citing discrepancies between the physicians' clinical notes and opinions, conflicting medical evidence, conservative treatment for DeLeon's injuries, and inconsistencies between those opinions and DeLeon's reported daily activities. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). The ALJ also made permissible credibility determinations with respect to those physicians, and in particular, Dr. Perrillo. *Saelee v. Chater*, 94 F.3d 520, 522–23 (9th Cir. 1996).

Substantial evidence also supports the ALJ's reliance on the opinions of non-examining physicians as those opinions are consistent with the record as a

whole. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (ALJ may "reject the opinion of a non-examining physician by reference to specific evidence in the medical record"); *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) (reports of consultative physicians may serve as substantial evidence when consistent with other record evidence). To the extent DeLeon further argues reliance on those reports was improper because the consulting physicians did not review the treating physicians' reports, the ALJ was required to consider that fact in weighing their opinions, *see* 20 C.F.R. § 404.1527(c)(3), and in any event, the ALJ discounted the treating physicians' opinions. Although a different ALJ could have reached a different conclusion, as DeLeon argues, the ALJ's conclusions must be upheld because they are supported by substantial evidence. *Morgan*, 169 F.3d at 601.

2.     The ALJ gave clear and convincing reasons to support its adverse credibility determination regarding DeLeon's testimony, which are supported by substantial evidence. *Id.* at 599. DeLeon does not point to instances in the record that undermine those findings, but instead disputes that the evidence demonstrates that she can engage in meaningful work. However, the ALJ may discredit a claimant's allegations if the claimant "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Id.* at 600; *see also Molina*, 674 F.3d at 1113. The ALJ considered

3

that DeLeon homeschools her children who have special needs, is able to take a full load of college-level courses, and can work the duration of a workday with reasonable breaks. The ALJ also considered DeLeon's poor work history, dating back to before she had children, in determining the credibility of her testimony about her ability to work. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Because the ALJ's findings do not lack support in the record, they must be upheld. *Molina*, 674 F.3d at 1111.

3.     The ALJ also gave germane reasons for discounting the lay testimony of DeLeon's mother, Carla Scaletta, citing specific instances where DeLeon's testimony about her limitations contradicted Scaletta. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). To the extent the ALJ failed to consider the lay testimony of DeLeon's husband, Rudy DeLeon, DeLeon has not shown the error to be harmful. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (invalid adverse credibility findings are subject to harmless error analysis). DeLeon does not identify any part of her husband's statement that describes symptoms or limitations that she or her mother had not already described. Because the ALJ rejected those limitations as inconsistent with Scaletta's testimony or DeLeon's reported daily activities, the ALJ's failure to address DeLeon's husband's testimony was harmless.

4.     The ALJ's finding that DeLeon's impairments do not meet a listing, residual

4

functional capacity determination, and Step 5 finding are supported by substantial evidence. The ALJ reasonably accounted for the limitations which were supported by the record evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Because the ALJ did not err in evaluating the medical evidence, the ALJ likewise did not err by not fully crediting medical opinions that were not supported by that evidence.

**AFFIRMED.**