NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CORNELIUS CURTIS,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 18-35318

D.C. No. 3:16-cv-01952-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 16, 2021[**]

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

Cornelius Curtis appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act (Act). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and affirm.[1]

1. The ALJ provided specific, clear, and convincing reasons to discount Curtis' symptom testimony: a record of inconsistently sought and conservative treatment and a lack of objective medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (unexplained or inadequately explained failure to seek treatment and evidence of conservative treatment are sufficient to discount a claimant's symptom testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of objective medical evidence as one factor in the credibility determination). Any error in the ALJ's additional reasons for discounting Curtis' symptom testimony was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination" (internal quotation marks omitted)).

2. The ALJ referred to specific evidence in the medical record for discounting in part the opinion of Dr. Savage as inconsistent with the doctor's own statements. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (ALJ may "reject the opinion of a non-examining physician by reference to specific evidence in the medical record").

---

[1] We deny Curtis' "motion of approval of social security" at Docket Entry No. 15.

2

3. The ALJ provided specific and legitimate reasons for assigning little weight to the controverted opinion of Dr. Sawyer: because the opinion relied on Curtis' exaggerated statements regarding the nature of his military service and because Dr. Sawyer did not consider Curtis' abilities had he been taking medication as prescribed. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th. Cir. 2012) (ALJ may reject a physician's opinion based on an inaccurate diagnostic picture); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for disability benefits).[2]

4. The ALJ gave the opinion of examining psychologist Dr. Williams "great weight." The ALJ noted that Dr. Williams' opinion was consistent with Curtis' statements regarding not taking ADHD medication and not consistently taking medication for his other mental symptoms. Although, as Curtis points out, Dr. Williams confirmed Curtis' psychological diagnoses, he noted only a very few mild limitations. *See Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990) (holding that mere diagnosis of a listed impairment is not sufficient to

---

[2] Any error in the ALJ's additional reasons for discounting the opinions of Drs. Savage and Sawyer was harmless because the specific and legitimate reasons discussed above are based on substantial evidence and support the ALJ's decision. *See Molina*, 674 F.3d at 1115.

sustain a finding of disability). The ALJ's evaluation of Dr. Williams' opinion was reasonable and supported by substantial evidence.

5. The ALJ provided persuasive, specific, and valid reasons, supported by the record, for affording little weight to the 100% Veterans Affairs (VA) disability rating. Curtis performed substantial gainful activity after the VA's 2008 decision finding Curtis disabled, and the VA did not have the opportunity to evaluate the complete medical record. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) ("[T]he acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a persuasive, specific, and valid reason[ ] ... supported by the record" for giving little weight to a VA disability rating. (internal quotation marks omitted) (alterations in original)). Any error in the ALJ's additional reasons for discounting the VA disability rating was harmless.

6. The ALJ properly relied on the vocational expert's (VE) testimony that Curtis was capable of making a successful adjustment to other work existing in significant numbers in the national economy, such as a cashier, office helper, or packing line worker. The ALJ's hypothetical question to the VE included Curtis' limitations that the ALJ found were "credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Therefore, the ALJ properly relied on the testimony the VE gave in response to the hypothetical. *See id.*

7. The district court did not err in refusing to remand the case under sentence six of 42 U.S.C. § 405(g) because the new evidence submitted is not relevant to the disability determination and is therefore not material. *See* 42 U.S.C. § 405(g) (remand for consideration of new evidence warranted only if, among other things, the evidence is "material"). Further, because the evidence submitted was not material, we need not address whether Curtis demonstrated "good cause" for not providing the evidence earlier. *See id*.

8. Finally, we are not persuaded that the ALJ was biased against Curtis. The record does not reflect that the ALJ was clearly unable to render a fair judgment. *See Rollins v. Massanari*, 261 F.3d 853, 857–58 (9th Cir. 2001). Accordingly, the presumption of impartiality was not rebutted.

**AFFIRMED**.