NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMI KAHOONEI,

           Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

           Defendant-Appellee.

No.   20-35057

D.C. No. 3:19-cv-05324-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted April 16, 2021[**]
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,[***]
District Judge.

    Tami Kahoonei appeals the district court's judgment affirming the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of social security benefits, and we reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We "may not reverse an ALJ's decision on account of a harmless error." *Buck*, 869 F.3d at 1048.

The ALJ's discounting of Kahoonei's testimony is supported by substantial evidence. The ALJ provided specific, clear and convincing reasons for discounting her testimony about the severity of her symptoms. These reasons include conflicting objective medical evidence, *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); inconsistencies in Kahoonei's

2

statements concerning the intensity, persistence, and limiting effects of her symptoms, *see Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) ("An ALJ may consider a range of factors in assessing credibility, including . . . prior inconsistent statements concerning the symptoms . . . ." (internal quotation marks omitted)); evidence of daily activities that undermine her symptom testimony, *see Rollins*, 261 F.3d at 857 ("The ALJ also pointed out ways in which [claimant's] claim to have totally disabling pain was undermined by her own testimony about her daily activities . . . ."); evidence that Kahoonei both searched for and attempted work after the alleged onset of her disability, *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (concluding that recent work and search for work belied claim of debilitating illness); and evidence that Kahoonei received unemployment benefits after the alleged onset date of her disability, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008) (holding that "receipt of unemployment benefits can undermine a claimant's alleged inability to work full[-]time" if the record establishes that the claimant "held himself out as available for full-time . . . work"); *see also* Wash. Rev. Code § 50.20.010 (providing that an applicant for unemployment benefits in Washington State must certify that he or she is "ready, able, and willing" to work).

The Commissioner concedes that the ALJ erred in discounting the testimony of Kahoonei's husband, James Kahoonei, on the grounds that James lacked

3

medical training and was an interested witness. However, this error was harmless. James's testimony was similar to Kahoonei's, and, as we already concluded, the ALJ provided specific, clear and convincing reasons for rejecting Kahoonei's testimony. "[W]here the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not 'clearly link his determination to those reasons.'" *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (citation omitted), *superseded by regulation on other grounds*.

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for according little weight to treating physician Dr. Faiola's October 2017 opinion, which is contradicted by the opinion of reviewing physician Dr. Bernardez-Fu. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). The ALJ found that Dr. Faiola's opinion was based more on Kahoonei's subjective complaints—which the ALJ properly discounted, *see supra* at 2–3—than on objective findings in the medical record. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (concluding that the ALJ properly disregarded a treating physician's opinion because it was premised on claimant's "own subjective complaints, which the ALJ had already properly

4

discounted"). The ALJ also found that the opinion was inconsistent with the objective findings in the medical record, which indicated normal sensation in Kahoonei's extremities and normal gait and balance. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *see also* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

The ALJ outlined specific evidence in the medical record as a basis for according little weight to the opinion of non-examining physician Dr. Packer. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ found that this opinion was inconsistent with the limited objective findings in the medical record, Kahoonei's return to work after the alleged onset date of her disability, and her ability to complete household chores throughout the day. *See Rollins*, 261 F.3d at 856 (concluding that treating physician's opinion was "inconsistent with the level of activity that [claimant] engaged in").

Finally, Kahoonei also briefly argues that the ALJ failed to include the need for a cane in the residual functional capacity ("RFC"), undermining his determination at step five. However, an ALJ need only include in the RFC and hypotheticals posed to a vocational expert those limitations that are supported by substantial evidence. *See Bayliss*, 427 F.3d at 1217. Kahoonei fails to demonstrate

5

that any of the evidence she cites establishes that her use of a cane was medically *required*. *See* SSR 96-9p ("To find that a hand-held assistive device is medically required, there must be *medical documentation* establishing *the need* for a hand-held assistive device to aid in walking or standing, and *describing the circumstances for which it is needed* . . . ." (emphasis added)).

**AFFIRMED.**