**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE ANN GRIGSBY, | No. 20-35133 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-02189-MO |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted March 2, 2021
Portland, Oregon

Before:    PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.

Julie Grigsby ("Grigsby") appeals the district court's judgment affirming the

Social Security Commissioner's ("Commissioner") denial of disability benefits

under Title II and XVI of the Social Security Act.    42 U.S.C. §§ 401-34, 1381-85.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the judgment of the district court affirming the decision of the Administrative Law Judge ("ALJ"). *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). We "may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Because the ALJ's decision is not supported by substantial evidence, we reverse and remand for further proceedings consistent with this disposition.

The ALJ found that Grigsby was capable of the full range of medium exertional work. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c). The state consultative physicians, Drs. Bernardo and Farwell, however, determined that Grigsby was limited to light exertional work with specific postural limitations. Having determined that Grigsby was capable of medium exertional work, the ALJ determined that she could perform her prior job as a house worker, which under the DOT job titles is classified as medium exertional work. DOT 301.474-010. Grigsby argues that the ALJ's finding is not supported by substantial evidence. We address each of Grigsby's arguments below.

1. First, Grigsby argues that in rejecting the opinions of Drs. Bernardo and Farwell, the ALJ failed to point to any specific record evidence that supports a greater exertional level than light work. The ALJ appears to have discounted

2

their opinions because the record lacks a showing of "neural involvement." But nothing in the ALJ's decision explains why the medical evidence on which Drs. Bernardo and Farwell relied does not support their opinions. Nor does the ALJ explain why later medical evidence undermines their opinions. An ALJ may reject the opinion of a non-examining physician but must do so "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Because the ALJ failed to comply with this rule, her decision must be vacated and remanded for further consideration on this issue.

**2**. Next, Grigsby challenges the ALJ's reliance on her daily activities as the basis for discrediting her pain and symptom testimony. While an ALJ may consider a claimant's reported daily activities, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits" as many activities are "not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). As to Grigsby's daily activities, the ALJ placed significant weight on the fact that Grigsby testified that she had engaged in camping and fishing. The evidence, however, is insufficient to suggest that these activities supported the ALJ's determination that she could lift 25 pounds or more for purposes of medium exertional work on a regular basis. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c).

3

**3**.   Finally, Grigsby argues that the ALJ mischaracterized her attempts to work.   We agree.   The ALJ's characterization of Grigsby's attempts to work is not supported by the evidence.   As documented in the record, Grigsby attempted to work after the onset date of her disability but was unable to do so successfully due to her pain, fatigue, and overall condition.   While Grigsby accepted assignments from a temp agency, she was unable to remain employed for extended periods as a result of her pain and fatigue.   Many of the jobs that Grigsby secured caused painful "flareups" of her physical conditions, and Grigsby was frequently fired for being "too slow" or unable to perform her job as a result.   Although Grigsby applied "everywhere" and to "everything"—even unsuccessfully attempting to take classes which would help her gain skills needed to be competitive in securing lighter exertion jobs—she was unable to find less strenuous employment.   Grigsby's attempts to work do not support the ALJ's determination that she was capable of medium exertional work.

For the foregoing reasons, we conclude that the ALJ's decision is not supported by substantial evidence and therefore reverse the district court's judgment with instructions to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED** and **REMANDED.**