FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RUTH FARLOW,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant-Appellee.

No.   21-35890

D.C. No. 3:20-cv-05603-MAT

OPINION

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted October 19, 2022
Seattle, Washington

Before: Richard C. Tallman, Ryan D. Nelson, and Danielle J. Forrest, Circuit Judges.

Opinion by Judge Tallman

# SUMMARY[*]

## Social Security

The panel affirmed the district court's decision affirming the denial of claimant's application for disability benefits under Title II of the Social Security Act.

Claimant argued that the administrative law judge ("ALJ") erred by rejecting the uncontested opinion of Dr. Staley, a non-examining physician, that supported her claim. Under the pre-2017 regulations that apply to the claim, ALJs are required to give greater weight to certain medical opinions. To reject the uncontested opinion of an examining or treating doctor, an ALJ must provide "clear and convincing" reasons supported by substantial evidence.

The panel held that the "clear and convincing" standard did not apply to Dr. Staley's opinion because he never treated or examined claimant. Rather his opinion was based solely on a review of claimant's medical records. The panel held that nothing in the relevant regulations required an ALJ to defer to an opinion from a non-treating, non-examining medical source. In rejecting Dr. Staley's opinion, the ALJ cited specific contradictive medical evidence in the record. In making these findings, the ALJ cited the record at length. The panel concluded that this satisfied the requirements of *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998), the relevant regulations, and the substantial evidence standard.

Claimant also argued that the ALJ erred in rejecting her symptom testimony and a similar statement offered by her husband. The panel held that the ALJ provided clear and convincing reasons for rejecting claimant's lay testimony, including inconsistencies in the medical record and in her statements about her daily activities.

The panel concluded that the district court properly concluded that the ALJ's denial of benefits was supported by substantial evidence.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Christopher H. Dellert (argued), Dellert Baird Law Offices PLLC, Spanaway, Washington, for Plaintiff-Appellant.

Lars J. Nelson (argued), Assistant Regional Counsel; Willy Le, Acting Regional Chief Counsel; Diana Andsager; Office of the General Counsel, Social Security Administration, Seattle, Washington; Kerry Jane Keefe, Assistant United States Attorney; Nicholas W. Brown, United States Attorney; Office of the United States Attorney, Seattle, Washington; for Defendant-Appellee.

## OPINION

TALLMAN, Circuit Judge:

Ruth Farlow appeals the district court's decision affirming the denial of her claim for disability benefits under Title II of the Social Security Act. Farlow argues the Social Security Administration's administrative law judge ("ALJ") erred by rejecting the uncontested opinion of a non-examining physician that supported her claim. We affirm.

## I

Farlow suffered a heart attack and was hospitalized on July 25, 2013. Medical records show that at the time of Farlow's hospitalization, her heart's ejection fraction was 50%.[1] Farlow continued to receive follow-up care for her heart condition after she was discharged from the hospital. In April 2015, a cardiac stress test showed

---

[1] "Ejection fraction" is the percentage of blood which leaves the heart's ventricle each time it contracts. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.00D(1)(i).

Farlow had "normal heart function" and revealed "no evidence of [her] old heart attack." The same test found Farlow's ejection fraction was 77%.

Farlow applied for disability benefits on February 23, 2017. She claimed that after the heart attack, she "wasn't strong enough" to return to work. Farlow said she suffered chest pain, was short of breath, and struggled to do basic tasks without taking frequent breaks. Farlow's initial claim was denied, and she requested reconsideration. On reconsideration, state agency consultant Dr. Norman Staley was asked to evaluate Farlow's functional capacity. Dr. Staley reviewed Farlow's medical records and opined that she could stand or walk for six hours and lift no more than 20 pounds—a finding that would limit her to performing light exertion work. Farlow's request for reconsideration was denied, and she requested a hearing before an ALJ.

The ALJ denied Farlow's claim at step four of the sequential evaluation process.[2] He concluded Farlow still had the capacity to perform medium exertion work with some restrictions, meaning she could return to work at her last job. The ALJ gave little weight to Dr. Staley's opinion that Farlow should be limited to light exertion work. The ALJ gave less weight to Dr. Staley's opinion in part because he

---

[2] Social Security regulations establish a five-step sequential process for evaluating disability claims. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022). Step four provides that a claimant is not disabled if, despite medical impairments, she retains the residual functional capacity to perform past relevant work. *Id*.

3

relied on Farlow's initial 2013 ejection fraction reading to support his opinion without addressing the 2015 test that showed normal cardiac function. No other doctor offered an opinion about Farlow's functional capacity, and the Commissioner concedes Dr. Staley's opinion would limit Farlow to light exertion work under the applicable regulations if it had been credited.

The agency's Appeals Council denied Farlow's request for review. Farlow sought judicial review, and the district court affirmed the ALJ's denial of benefits. Farlow filed this timely appeal. *See* Fed. R. App. P. 4(a)(1)(B)(ii).

## II

A district court's decision affirming an ALJ's denial of benefits is reviewed de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by regulation*, Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5863 (Jan. 18, 2017) (Codified at 20 C.F.R. § 404.1502(a)). An ALJ's denial of benefits is reviewed for substantial evidence or legal error. *Molina*, 674 F.3d at 1110. Substantial evidence is "relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). Even if the evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## A

Farlow alleges that the ALJ erred in rejecting Dr. Staley's opinion. Farlow argues that because Dr. Staley's opinion was the only functional assessment in the record, it could not be rejected by the ALJ without a "clear and convincing" reason. Farlow claims the ALJ improperly discounted Dr. Staley's expertise in favor of the ALJ's own lay, non-expert opinion.

Under the pre-2017 regulations that apply to Farlow's claim,[3] ALJs are required to give greater weight to certain medical opinions. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *superseded on other grounds by regulation*, Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5852 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416), *as recognized in Woods*, 32 F.4th at 789–90. Opinions from treating physicians receive more weight than opinions from examining physicians, and opinions from examining physicians receive more weight than opinions from non-examining physicians. *Lester*, 81 F.3d at 830–31. To reject the uncontested opinion of an examining or treating doctor, an ALJ must provide "clear and convincing" reasons supported by substantial evidence. *Id*. at 830.

---

[3] The Social Security Administration has altered the regulations which govern the evaluation of medical evidence for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Farlow's claim was filed prior to this change.

The "clear and convincing" standard does not apply to Dr. Staley's opinion because he never treated or examined Farlow. Rather, his opinion was based solely on a review of her medical records. Farlow now asks us to hold that ALJs must give similar deference to uncontested opinions from non-examining physicians like Dr. Staley. We cannot agree.

In evaluating the weight given to a non-examining, non-treating doctor's opinion, we have held that an ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Inherent in this standard is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work. More importantly, *Sousa* clearly announces a standard lower than the one that Farlow asks us to apply.

Our precedent requires ALJs to give more weight to treating and examining sources because that is what the pre-2017 regulations required—not because such a requirement exists in the Social Security Act. *See Woods*, 32 F.4th at 790–91. The regulations say an ALJ must consider each opinion from a medical source along with other relevant evidence. 20 C.F.R. § 404.1527(b). An ALJ must give more weight to opinions from treating or examining physicians, § 404.1527(c)(1)–(2), and consider whether each opinion is supported by evidence and consistent with the

6

record. § 404.1527(c)(3)–(4). The ALJ must also consider factors such as a source's specialized knowledge about disability programs or an area of medicine. § 404.1527(c)(5)–(6). Nothing in the relevant regulations requires an ALJ to defer to an opinion from a non-treating, non-examining medical source.

Here, in rejecting Dr. Staley's opinion, the ALJ cited specific contradictive medical evidence in the record. *Sousa*, 143 F.3d at 1244. The ALJ noted that Dr. Staley had based his opinion on Farlow's 2013 ejection fraction reading without mentioning the 2015 test results which showed "no evidence of [her] old heart attack." The ALJ also evaluated Dr. Staley's opinion under the relevant regulations. He explained that he gave less weight to Dr. Staley's opinion because Dr. Staley did not examine Farlow, did not provide a persuasive basis for his opinion, and his opinion was not consistent with the record. *See* § 404.1527(c)(1), (3)–(4). In making these findings, the ALJ cited the record at length. This satisfies the requirements of *Sousa*, the relevant regulations, and the substantial evidence standard.

**B**

Farlow also argues that the ALJ erred in rejecting her symptom testimony and a similar statement offered by her husband. We agree with the district court that the ALJ provided clear and convincing reasons for rejecting Farlow's lay testimony, including inconsistencies in the medical record and in her statements about her daily activities. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th

7

Cir. 2008). We also agree that because the statement offered by Farlow's husband was similar to her own testimony, any error in the ALJ's evaluation of this supporting evidence was ultimately harmless. *See Molina*, 674 F.3d at 1117.[4]

### III

The district court properly concluded that the ALJ's denial of benefits was supported by substantial evidence.

**AFFIRMED.**

---

[4] Farlow also raised a constitutional argument relating to the Social Security Commissioner's tenure protection but withdrew it after publication of our decision in *Kaufmann v. Kijakzi*, 32 F.4th 843, 846 (9th Cir. 2022).